**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

LAURA C. WILLIAMS
Labor and Employment Law Division
Phone: (212) 356-2435
Email: lawillia@law.nyc.gov

September 24, 2025

**BY ECF**
Honorable Hector Gonzalez
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:   Trudo v. The Department of Education of the City of New York, et al.
              25-CV-01345 (HG) (LKE)

Dear Judge Gonzalez:

      I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, attorney for defendants New York City Department of Education ("DOE"), Melissa Aviles-Ramos, Chancellor, and Katherine Rodi, Director of Employee Relations (collectively, "Defendants") in the above-referenced action. Defendants respectfully submit this pre-motion letter pursuant to section IV.A of the Court's Individual Practice Rules in connection with their anticipated motion to dismiss Plaintiff's Complaint, ECF Dkt. 1, pursuant to Fed. R. Civ. P. 12(b)(6).

### A. Plaintiff Fails to Comply with Fed. R. Civ. P. 8

      Plaintiff's complaint should be dismissed because, at 126 paragraphs, and 106 pages long, inclusive of exhibits, the Complaint does not satisfy the "short and plain statement" that Fed. R. Civ. P. 8 requires. See Azzarmi v. Neubauer, 20- 9155, 2023 U.S. Dist. LEXIS 171665, at *6-*7 (S.D.N.Y. Sept. 26, 2023); Da Costa v. Marcucilli, 675 F. App'x 15, 17 (2d Cir. 2017) (dismissing pro se complaint because it was convoluted and repetitive).

### B. Plaintiffs' Claims Should Have Been Brought Pursuant to CPLR Article 78 and are Therefore Time-Barred

      The Complaint should be dismissed because Plaintiff's claims primarily challenge administrative determinations by DOE – specifically, DOE's decisions to deny Plaintiff's requests for religious exemptions and end her employment for failing to comply with the DOE's vaccine mandate. A proceeding brought pursuant to Article 78 of the New York Civil Practice Law and Rules ("CPLR") is the proper avenue for challenging such decisions. See CPLR §§ 7801, 7803; see also Kern v. Joyce, 857 F. App'x 691, 693 (2d Cir. 2021) (citations omitted). Because this case should have been filed under CPLR Article 78, it is untimely as Plaintiff filed this proceeding more than four months after the determinations—in September 2021 and March 2022, see Compl. ¶¶ 38, 42, 50—became final and binding. See Damino v. City of N.Y., 332 F. App'x 679, 682 (2d Cir. 2009) (citing CPLR § 217).

### C. Plaintiff's SHRL and CHRL Claims Against DOE are Barred by Her Failure to Meet the Notice of Claim Requirement and by the Applicable Statute of Limitations

Even if Plaintiff's claims are properly brought in an action before this Court, her SHRL and CHRL claims against all Defendants should be dismissed for failure to allege that Plaintiff filed a timely notice of claim. New York Education Law § 3813 requires that, before bringing claims against DOE or its officers, a potential plaintiff file a notice of claim within ninety days of their claim accruing. See N.Y. Educ. Law § 3813(1); Carter v. Syracuse City Sch. Dist., 850 F. App'x 22, 25 (2d Cir. 2021); Trabacchi v. Dep't of Educ., 24-6123, 2025 U.S. Dist. LEXIS 148512, at *25 (E.D.N.Y. July 31, 2025) (finding that the DOE Chancellor and Rodi "are considered 'school officers' within the meaning of New York Education Law" (citing N.Y. Educ. Law § 2(13)). Plaintiff alleges she filed a Notice of Claim in 2023, (see Compl. ¶ 78). This would, by any measure, be well past ninety days of Plaintiff's last alleged suffered harm – placement of a "problem code" on internal DOE records making her "guilty of misconduct" for her requesting a religious accommodation ("RA") to the Covid Vaccine Mandate ("CVM") on April 28, 2022. See Compl. ¶¶ 53-54.

Moreover, Plaintiff's SHRL and CHRL claims against the DOE and its officers are subject to a one-year statute of limitations. See N.Y. Educ. Law § 3813(2-b); Trabacchi, 2025 U.S. Dist. LEXIS 148512, at *28-29. Because Plaintiff's termination was the result of failure to comply with a lawful condition of employment, see O'Reilly v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y., 213 A.D.3d 560, 562 (1st Dep't 2023), the denial date is the relevant date for statute of limitations analysis. Plaintiff's requests for exemptions from the vaccine mandate were denied on in September 2021and March 2022, but she waited until March 2025 to file this Complaint. See Compl. ¶¶ 38, 42, 50. Accordingly, Plaintiff's SHRL and SHRL claims are time-barred.

### D. Plaintiff's Free Exercise Claim Fails

Plaintiff's First Amendment Free Exercise Clause claim that the CVM was not neutral or generally applicable, and that the denial of her RA burdened her free exercise of religion (see Compl., ¶¶ 5, 8, 30, 52, 61) fails. "[A] plaintiff may carry the burden of proving a [F]ree [E]xercise violation . . . by showing that a government entity has burdened [her] sincere religious practice pursuant to a policy that is not 'neutral' or 'generally applicable.'" Antonyuk v. Chiumento, 89 F.4th 271, 346 (2d Cir. 2023) (internal quotation omitted). The Second Circuit has already rejected Free Exercise challenges to this and similar COVID-19 vaccine mandates. See New Yorkers for Religious Liberty, Inc. v. City of New York, 125 F.4th 319, 330 (2d Cir. 2024) (quoting Kane v. De Blasio, 19 F.4th 152, 163-64 (2d Cir. 2021)). The Second Circuit explicitly held that the City's DOE vaccine mandate that applied to Plaintiff does not violate the First Amendment. Kane, 19 F.4th at 163-67 ("The Vaccine Mandate, in all its iterations, is neutral and generally applicable."). Plaintiff's conclusory allegations that religious hostility played a role in Plaintiff's RA request denial cannot save this claim either. See, e.g., Compl., ¶¶ 80-89, 124-126; see Chinchilla v. N.Y.C. Police Dep't, 23-8986, 2024 U.S. Dist. LEXIS 123248, at *14-15 (S.D.N.Y. July 12, 2024).

### E. Plaintiff's Establishment Clause Claim Fails

Plaintiffs' Establishment Clause claims should be dismissed because Plaintiff fails to plausibly allege any facts showing that the CVM itself or the DOE preferred one religion over another. Plaintiff has not plead sufficient facts to show the CVM was "enact[ed] . . . [with] the 'purpose' or 'effect' of 'advancing or inhibiting religion,'" or laws that show a "'denominational preference' by preferring one religion over another." New Yorkers for Religious Liberty, Inc., 125 F.4th at 330 (quoting Agostini v. Felton, 521 U.S. 203, 222-23 (1997)). In fact, the ultimate decision by Defendants to deny Plaintiff's RA did not turn on her religious beliefs, but on the fact that granting such an accommodation represented an undue burden to the DOE. See Compl. ¶ 50. Nor can Plaintiff "make out a constitutional claim for religious discrimination without first making a more-than-conclusory allegation that the finding of undue hardship was erroneous or pretextual." New Yorkers for Religious Liberty, Inc., 125 F.4th at 333.

### F. Plaintiff's Equal Protection Claims Fail

Plaintiff's Equal Protection Clause claim should be dismissed because she fails to plausibly allege "instances in which [she has] been treated differently from others similarly situated." Hang Hsin v. City of N.Y., 779 F. App'x 12, 16 (2d Cir. 2019) (summary order) (internal quotation marks, alterations, and cites omitted); see also Compl. ¶¶ 102-03. Here, the CVM and the accommodation process applied equally to all DOE employees, regardless of their religious viewpoint or beliefs about vaccines and Plaintiff's RA request was denied because it posed an undue hardship. See Compl. ¶ 50. Plaintiff's Equal Protection claim fails to show that discriminatory animus motivated any adverse employment action against her.

### G. Plaintiff's Substantive Due Process Claims Fail

Plaintiff's Substantive Due Process violation claim that the CVM violated fundamental liberty interests, including the right to refuse medicine and the right to make medical decisions in accordance with one's chosen physician free from state interference, (see Compl. ¶¶ 116-17), should be dismissed because it is well settled that the City and DOE's COVID-19 vaccine mandate, and vaccine mandates generally, do not implicate any fundamental right. "Both [the Second Circuit] and the Supreme Court have consistently recognized that the Constitution embodies no fundamental right that in and of itself would render vaccine requirements imposed in the public interest, in the face of a public health emergency, unconstitutional." Kane v. De Blasio, 623 F. Supp. 3d 339, 359-60 (S.D.N.Y. 2022) (citation omitted), see also Pastrana v. New York City Fire Dept., 24- 7348, 2025 WL 2200387, at *3 (E.D.N.Y. Aug. 1, 2025).

For the reasons stated above, Defendants respectfully submit that the Complaint must be dismissed in its entirety.

Respectfully submitted,

**[ECF]          /S/**
Laura C. Williams
Assistant Corporation Counsel

To:   Wendy Trudo, Plaintiff *pro se* (by ECF)
5 Shawe Street
Danbury, CT 06810
Wendyt.otr@gmail.com