

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | T**HE** C**ITY OF** N**EW** Y**ORK**<br>L**AW** D**EPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **Craig A. Mungavin**<br>*Assistant Corporation Counsel*<br>Telephone: (212) 356-2420<br>E-mail: cmungavi@law.nyc.gov |

November 26, 2025

**By ECF**
Honorable Hector Gonzalez
United States District Judge
Eastern District of New York
225 Cadman Plaza E
Brooklyn, New York 11201

      Re:    Wendy Trudo v. The Department of Education of the City of New York et al.
               No. 25-CV-1345 (HG) (LKE)

Dear Judge Gonzalez:

      I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, attorney for Defendants in the above-referenced action. Defendants, in accordance with Paragraph I(C) and IV(B)(3) of Your Honor's Individual Practice Rules, write to respectfully request: **(1)** an extension of time, from December 3, 2025 until December 17, 2025, to file their response to the amended complaint; and **(2)** an enlargement of the page limit for Defendants' memorandum of law in support of their motion to dismiss from 25 to 35 pages. Defendants emailed Plaintiff on November 26, 2025 to obtain her consent, but as of this filing, Plaintiff has not responded. This is Defendants' first request for an extension of time to respond to the amended complaint. The requested extension does not affect any other deadlines in this case.

      The requested extension is necessary for Defendants to fully review the amended complaint and exhibits attached thereto, and draft fully responsive motion papers. Additionally, Defendants request an enlargement of the page limit for Defendants' memorandum of law from 25 to 35 pages. In the amended complaint, *pro se* plaintiff alleges that she was denied a religious accommodation exemption from the DOE's COVID-19 Vaccine Mandate and subsequently terminated from her position as an Occupational Therapist in violation of "42 U.S.C. § 1983 alleging violations of her rights under the First, Fifth and Fourteenth Amendments of the United States Constitution, New York State Executive Law §§ 290, *et seq.* ("SHRL"), the New York City Administrative Code §§ 8-101, *et seq.* ("CHRL"), and New York City Civil Service Laws 75-b and 77 for alleged violations of her right to free speech, free exercise of religion, equal protection and due process." The Amended Complaint alleges a lengthy factual history, and asserts a large number of causes of action which need to be addressed in Defendants' motion to dismiss.

In addition to responding to procedural deficiencies in Plaintiff's claims, Defendants motion to dismiss the amended complaint responds to Plaintiff's five named causes of action: (1) Religious Discrimination and Retaliation under § 1983, SHRL and CHRL; (2) Failure to Accommodate under § 1983, SHRL and CHRL; (3) Violation of the Fourteenth Amendment Equal Protection Clause; (4) Violation of Substantive Due Process under the Fifth and Fourteenth Amendment; and (5) Violation of the Free Exercise Clause of the First Amendment. Defendants' counsel have attempted to address each of these claims in the most efficient manner possible, but it has become apparent that Defendants require more than the allotted 25 pages in order to do so thoroughly and adequately. Accordingly, Defendants respectfully request an enlargement of the page limit for defendants' memorandum of law in support of their motion to dismiss the amended complaint from 25 to 35 pages.

Defendants thank the Court for its consideration of this request.

Respectfully submitted,
/s/
Craig A. Mungavin
Assistant Corporation Counsel


cc:  Wendy Trudo (via email, first-class mail and ECF)
     Plaintiff *Pro Se*