Docket No. 25-CV-01345 (HG)(LKE)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WENDY TRUDO,

Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK, MELISSA AVILES-
RAMOS, Chancellor; and Katherine Rodi, Director of
Employee Relations,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT

***MURIEL GOODE-TRUFANT***
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street*
*New York, N.Y.  10007*
*Of Counsel:  Craig A. Mungavin*
*Tel: (212) 356- 2420*
*Matter #:  2025-033228*

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ...................................................................................... 2

    A.  The COVID-19 Vaccine Mandate Formerly Applicable to DOE Employees.................................................................................... 2

    B.  Amendment to the DOE Vaccine Mandate ................................... 5

    C.  Plaintiff's Allegations in the Amended Complaint......................... 6

ARGUMENT .................................................................................................... 8

    POINT I ................................................................................................ 8

    PLAINTIFF'S CLAIMS AGAINST  DEFENDANTS AVILES-RAMOS AND RODI MUST BE DISMISSED FOR IMPROPER SERVICE .......................................................................................... 8

    POINT II .............................................................................................. 10

    PLAINTIFF'S SHRL AND CHRL CLAIMS SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH APPLICABLE NOTICE OF CLAIM REQUIREMENTS........................... 10

    POINT III ............................................................................................ 11

    PLAINTIFF'S SHRL AND CHRL CLAIMS ARE TIME BARRED .............................................................................................. 11

    POINT IV ............................................................................................ 12

    PLAINTIFF'S § 1983, SHRL AND CHRL CLAIMS MUST BE DISMISSED .......................................................................................... 12

        A.  Plaintiff Fails to Plead a Deprivation of a Constitutional Right (First Cause of Action)................................. 12

        B.  Plaintiff's Fails to state a § 1983, SHRL, or CHRL Discrimination Claim (First and Second Causes of Action) ................................................................................ 13

        C.  Plaintiff Fails to State a Claim for Failure to Engage in Cooperative Dialogue under the CHRL (First and Second Cause of Action) ............................................... 20

i

    D.  Plaintiff's Fails to State a § 1983, SHRL, or CHRL
Retaliation Claim (First Cause of Action) ......................................................... 21

    E.  Plaintiff's Fails to State a Claim for Fraud in the
Inducement (First Cause of Action) .............................................................. 23

POINT V ......................................................................................................... 24

THE AMENDED COMPLAINT FAILS TO SHOW THAT
DEFENDANTS VIOLATED THE UNITED STATES
CONSTITUTION ............................................................................................ 24

CONCLUSION ................................................................................................ 35

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Alexander v. Westbury Union Free Sch. Dist.,
 829 F. Supp. 89 (E.D.N.Y. 2011) ........................................................................................21

Algarin v. NYC Health and Hosps. Corp.,
 678 F. Supp. 3d 497 (S.D.N.Y. 2023)......................................................................17, 25, 32

Amorosi v. S. Colonie Ind. Cent. Sch. Dist.,
 9 N.Y.3d 367 (2007) ............................................................................................................11

Anderson v. City of New York,
 712 F. Supp. 3d 412 (S.D.N.Y. 2024)..................................................................................23

Baker v. Home Depot,
 445 F.3d 541 (2d. Cir. 2006)................................................................................................17

Barkley v. Penn Yan Central Sch. Dist.,
 442 F. App'x 581 (2d Cir. 2011) ..........................................................................................21

Becker v. Nassau Boces Sch. Dist., Bd. of Coop. Educ. Servs.,
 No. 21-CV-2855 (ST), 2022 U.S. Dist. LEXIS 177878 (E.D.N.Y. Sep. 29,
 2022) .....................................................................................................................................32

Beickert v. N.Y.C. Dep't of Educ.,
 No. 22-CV-5265 (DLI) (VMS), 2023 U.S. Dist. LEXIS 170719 (E.D.N.Y.
 Sep. 25, 2023) ...................................................................................................................4, 19

Bell Atl. Corp. v. Twombly,
 550 U.S. 544 (2007).............................................................................................................8

Bernheim v. New York City Dep't of Educ.,
 No. 19-CV-9723 (VEC) (JLC), 2020 U.S. Dist. LEXIS 120400 (S.D.N.Y. Jul.
 9, 2020) .................................................................................................................................10

Brock v. City of New York,
 No. 23-1148, 2024 U.S. App. LEXIS 17904 (2d Cir. July 22, 2024)...................................26

Broecker v. N.Y.C. Dep't of Educ.,
 535 F. Supp 4d 299 (E.D.N.Y. Feb. 11, 2022) ............................................................. *passim*

Carbone v. City of New York,
 No. 25-CV-2368 (JGK), 2025 U.S. Dist. LEXIS 226110 (S.D.N.Y. Nov. 17,
 2025) ................................................................................................................................20, 21

Carson Optical Inc. v. eBay Inc.,
    202 F. Supp. 3d 247 (E.D.N.Y. 2016) ...................................................................14

D'Cunha v. Northwell Health Sys.,
    2023 U.S. App. LEXIS 30612 (2d Cir. Nov. 17, 2023)...........................................17

Dennison v. Bon Secours Charity Health Sys. Med. Grp., P.C.,
    2023 U.S. Dist. LEXIS 84888 ................................................................................19

Dodson v. Lutheran Vill. at Millers Grant, Inc.,
    No. EA-23-169, 2025 U.S. Dist. LEXIS 97415 (D. Md. May 22, 2025) ................19

Doe v. Franklin Square Union Free Sch. Dist.,
    100 F.4th 86 (2d Cir. 2024) ...................................................................................30

El Sayed v. Hilton Hotels Corp.,
    627 F.3d 931 (2d Cir. 2010)...................................................................................22

Famiglietti v. N.Y.C. Dep't of Sanitation,
    No. 23-CV-2754 (LDH) (LKE), 2024 U.S. Dist. LEXIS 195618 (E.D.N.Y.,
    Oct. 28, 2024) ........................................................................................................16

Freud v. N.Y.C. Dep't of Educ.
    No. 21-CV-2281 (MKV), 2022 U.S. Dist. LEXIS 54353 (S.D.N.Y. Mar. 25,
    2022) ......................................................................................................13, 14, 15, 21

Fugelsang v. Dep't of Educ. of City of New York,
    No. 23-CV-08332 (LDH) (LKE), 2025 U.S. Dist. LEXIS 61440 (E.D.N.Y.
    Mar. 31, 2025)................................................................................................ *passim*

Garland v. City of New York,
    665 F. Supp. 3d 295 (E.D.N.Y. 2023) ...................................................................27

Garland v. N.Y.C. Fire Dep't,
    574 F. Supp. 3d 120 (E.D.N.Y. 2021), aff'd, No. 23-662-CV, 2024 U.S. App.
    LEXIS 2651 (2d Cir. Feb. 6, 2024) .....................................................................4, 27

Garvey v. City of New York,
    Index No. 85163/2022, 77 Misc. 3d 585 (Sup. Ct., Richmond County 2022)
    (Porzio, J.)............................................................................................................26, 27

Goe v. Zucker,
    43 F.4th 19 (2d Cir. 2022) .................................................................................31, 32

Gomez-Kadawid v. Lee,
    No. 20-CV-01786 (VEC) (VF), 2023 U.S. Dist. LEXIS 102935 (S.D.N.Y.
    June 13, 2023).........................................................................................................11

Gonzalez v. City of New York,
No. 22-CV-3577 (KAM) (RML), 2024 U.S. Dist. LEXIS 56814 (E.D.N.Y.
Mar. 28, 2024) ................................................................................................4, 14

Hewitt-Simmons v. Adams,
No. 23-CV-06001, 2024 U.S. Dist. LEXIS 177885 (E.D.N.Y. Sept. 30, 2024) ....................26

Hicks v. Baines,
593 F.3d 159 (2d Cir. 2010) ................................................................................21

Hirsch v. Arthur Andersen & Co.,
72 F.3d 1085 (2d Cir. 1995) ................................................................................14

Hurley v. Dep't of Educ. of City of N.Y.,
No. 24-CV-1664 (NRM) (LKE), 2025 U.S. Dist. LEXIS 188282 (E.D.N.Y.
Sep. 23, 2025) ............................................................................................ passim

Jacobson v. Massachusetts,
197 U.S. 11 (1905) ............................................................................................31

Jadallah v. N.Y.C. Dep't of Educ.
No. 21-CV-6390 (DG) (VMS), 2023 U.S. Dist. LEXIS 670 (S.D.N.Y. Jan. 23,
2023) ................................................................................................................21

Kalaj v. Kay,
No. 21-CV-4395 (EK) (JRC), 2023 U.S. Dist. LEXIS 122687 (E.D.N.Y. July
17, 2023) ....................................................................................................24, 25

Kane v. De Blasio,
19 F.4th 152 (2d Cir. 2021) ........................................................................4, 33, 34

Kane v. De Blasio,
623 F. Supp. 3d 339 (S.D.N.Y. 2022) ..................................................................18, 19

Kennedy v. Bremerton Sch. Dist.,
597 U.S. 507 (2022) ............................................................................................33

Kitchen v. Phipps Houses Grp. of Cos.,
No. 08-CV-4296 (DC), 2009 U.S. Dist. LEXIS 12559 (S.D.N.Y. Feb. 3, 2009) ....................12

Lee v. NYC Fire Dep't,
No. 24-CV-4771 (VMS), 2025 U.S. Dist. LEXIS 191585 (E.D.N.Y. Sep. 29,
2025) ................................................................................................................17

Littlejohn v. City of New York,
795 F.3d 297 (2d Cir. 2015) ..................................................................................6

Marciano v. De Blasio,
    589 F. Supp. 3d 423 (S.D.N.Y. 2022)......................................................................34

Militinska-Lake v. Kirnon,
    No. 22-CV-2267, 2023 U.S. App. LEXIS 30370 (2d Cir. Nov. 15, 2023) ............................13

Miller v. McDonald,
    130 F.4th 258 (2d Cir. 2025) ................................................................................33

Mora v. New York State Unified Ct. Sys.,
    No. 22-CV-10322 (VB), 2023 U.S. Dist. LEXIS 166411, at *32 (S.D.N.Y.
    Sep. 19, 2023) .................................................................................................25

Naumovski v. Norris,
    934 F.3d 200 (2d Cir. 2019)..................................................................................13

New Yorkers for Religious Liberty, Inc. v. City of New York,
    125 F.4th 319 (2d Cir. 2024) ........................................................................32, 33, 34

O'Connor v. Pierson,
    426 F.3d 187 (2d Cir. 2005)..................................................................................27

O'Leary v. City of New York,
    2024 U.S. Dist. LEXIS 164908 (S.D.N.Y. Sep. 12, 2024)....................................................26

Okwedy v. Molinari,
    69 Fed. Appx. 482 (2d Cir. 2003)............................................................................33

Pagan v. Rsch. Found. of the City Univ. of New York,
    No. 24-CV-6500 (RA), 2025 U.S. Dist. LEXIS 194039 (Sep. 30, 2025) ...............................22

Peralta v. N.Y. City Dep't of Educ.,
    No. 21-CV-6833(EK) (LB), 2023 U.S. Dist. LEXIS 169529 (E.D.N.Y. 2023)................27, 30

Rivera v. JPMorgan Chase,
    815 F. App'x 603 (2d Cir. 2020) .............................................................................22

Rubin v. Dep't of Educ. of City of New York,
    No. 20-CV-10208 (LGS) (KHP), 2023 U.S. Dist. LEXIS 2832 (S.D.N.Y. Jan.
    6, 2023) ....................................................................................................10, 11

Segal v. City of New York,
    459 F.3d 207 (2d Cir. 2006)..............................................................................29, 30

Smith v. N.Y.C. Dep't of Educ.,
    808 F. Supp. 2d 569 (S.D.N.Y. 2011).......................................................................10

Stancu v. N.Y.C/Parks Dep't.,
    No. 20-CV-10371 (MMG), 2025 U.S. Dist. LEXIS 164665 (S.D.N.Y. Aug.
    25, 2025) .................................................................................................22

Sutton v. Adams,
    No. 23-CV-3880 (JPO), 2024 U.S. Dist. LEXIS 86023 (S.D.N.Y. May 13,
    2024) ..............................................................................................25, 26

Toth v. N.Y.C. Dep't of Educ.,
    718 F. Supp. 3d 224 (E.D.N.Y. 2024) ...............................................10

Trabacchi v. Dep't of Educ. of City of New York,
    No. 24-CV-6123 (RPK) (TAM), 2025 U.S. Dist. LEXIS 14852 (E.D.N.Y. Jul.
    31, 2025) ...........................................................................................10, 11

Vasquez v. City of New York,
    No. 22-CV-05068 (HG) (VMS), 2024 U.S. Dist. LEXIS 58731 (E.D.N.Y.
    Mar. 30, 2024)......................................................................................5, 27

Vega v. Hempstead Union Free Sch. Dist.,
    801 F.3d 72 (2d Cir. 2015)..............................................................15, 21

Velasquez v. City of New York Dept. of Bldgs.,
    No. 19-CV-9687 (PKC), 2020 U.S. Dist. LEXIS 90361 (S.D.N.Y. May 22,
    2020) .................................................................................................25

Velez v. Levy,
    401 F.3d 75 (2d Cir. 2005)................................................................32

Vora v. N.Y.C. Dep't of Educ.,
    2024 U.S. Dist. LEXIS 47446 (S.D.N.Y. Mar. 14, 2024) ....................11

We The Patriots USA, Inc. v. Hochul,
    17 F.4th 266 (2d Cir. 2021) .....................................................18, 30, 31

Wilson v. Mid-Hudson Forensic Psychiatric Ctr.,
    No. 23-CV-8911 (CS), 2025 U.S. Dist. LEXIS 85690 (S.D.N.Y. May 5, 2025)...................31

Xu v. City of New York,
    No. 08-CV-11339 (AT) (RWL), 2020 U.S. Dist. LEXIS 250821 (S.D.N.Y.
    2020) ................................................................................................28, 29

Zabar v. N.Y.C. Dep't of Educ.
    No. 18-CV-6657 (PGG), 2020 U.S. Dist. LEXIS 83840 (S.D.N.Y. May 12,
    2020) .................................................................................................10

**Statutes**

42 U.S.C. § 1983 ..................................................................................................... *passim*

Civil Service Law §§ 75(b), 77 ...............................................................................13

CPLR §§ 308(1)-(2) ..................................................................................................9

N.Y. Educ. Law § 2(13) ..........................................................................................11

N.Y. Educ. Law § 3813 ...............................................................................10, 11, 12

N.Y. Exec. L. §§ 290, *et seq.* ............................................................................ *passim*

New York City Administrative Code §§ 8-101, *et seq.*....................................1, 17

New York City Civil Service Laws 75-b and 77 .......................................................1

**Other Authorities**

Fed. R. Civ. P. (4)(e) .................................................................................................9

Fed. R. Civ. P. 9(b) ..................................................................................................24

Fed. R. Civ. P. 12(b)(5)........................................................................................9, 10

Fed. R. Civ. P. 12(b)(6)........................................................................................8, 17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

WENDY TRUDO,

                                    Plaintiff,        No. 25-CV-01345 (HG)(LKE)

                  -against-

THE DEPARTMENT OF EDUCATION OF THE CITY
OF NEW YORK, MELISSA AVILES-RAMOS,
Chancellor; and Katherine Rodi, Director of Employee
Relations,

                                    Defendants.
-------------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

### PRELIMINARY STATEMENT

        Plaintiff, a former Occupational Therapist employed by the New York City

Department of Education ("DOE"), brings this action *pro challenging the DOE's* decision to deny

Plaintiff's request for a religious exemption from the COVID-19 vaccination mandate, and the

DOE's subsequent decision to terminate Plaintiff's employment because of her failure to be

vaccinated.  Plaintiff generally asserts claims under the 42 U.S.C. § 1983 alleging violations of her

rights under the First, Fifth and Fourteenth Amendments of the United States Constitution, New

York State Executive Law §§ 290, *et seq.* ("SHRL"), the New York City Administrative Code §§

8-101, *et seq.* ("CHRL"), and New York City Civil Service Laws 75-b and 77 for alleged violations

of her right to free speech, free exercise of religion, equal protection and due process.

        Defendants now move, pursuant to Federal Rule of Civil Procedure 12(b), to

dismiss the Amended Complaint in its entirety on the grounds that: (1) Plaintiff failed to properly

serve Defendants Aviles-Ramos and Rodi; (2) Plaintiff failed to comply with applicable notice of

claim requirements; (3) Plaintiff's claims are time-barred in part; and (4) Plaintiff has otherwise failed to plead any plausible claims.  For these reasons, and those articulated more fully below, Plaintiff's Amended Complaint should be dismissed in its entirety.

## STATEMENT OF FACTS

**A.    The COVID-19 Vaccine Mandate Formerly Applicable to DOE Employees**

On August 24, 2021, former Mayor Bill de Blasio and Dr. Dave Chokshi, former Commissioner of New York City Department of Health and Mental Hygiene ("DOHMH"), announced that DOE employees would be subject to a Vaccine Mandate ("VM").  See COVID-19 Vaccine Mandate applicable to DOE employees at https://www1.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-requirement-doe-2.pdf (last accessed Nov. 20, 2025).  Under this policy, DOE employees were required to submit proof to DOE, by September 27, 2021, that they were fully vaccinated against COVID-19; or had received a single-dose vaccine or the second dose of a two-dose vaccine; or had received the first dose of a two-dose vaccine, with the additional requirement to provide proof of the second dose thereafter.  Id.  Every Court that has considered the VM has repeatedly upheld it as unlawful.

On September 1, 2021, the United Federation of Teachers ("UFT") filed a Declaration of Impasse with the Public Employment Relations Board ("PERB") over the impact of the VM.  PERB then appointed an arbitrator, who oversaw several days of mediation sessions. Id.  On September 10, 2021, the arbitrator issued a decision ("Arbitration Agreement") establishing: (1) a process for VM exemptions and accommodation requests; (2) options for DOE employees to voluntarily separate from service with certain benefits or extend leave without pay ("LWOP") available for employees who did not comply with the VM; and, (3) that DOE could "unilaterally separate employees" who had not complied with the VM or did not have an approved

exemption or accommodation, or had not either opted for separation or to extend their LWOP pursuant to the provisions set forth in the Arbitration Agreement.  See Exhibit 1 to Am. Compl.

The process established by the Arbitration Agreement applied to medical and religious exemptions as well as to accommodations for those who, having received a full course of vaccination, remained unable to mount an immune response.  Id.  It also established that employees who had not requested an exemption, or whose request has been denied, would be placed on LWOP by DOE starting September 28, 2021.  Id. at 13.  Employees placed on LWOP continued to be eligible for health insurance.  Id. at 15.  Employees who submitted proof of vaccination to DOE before November 30, 2021, were eligible to return to their school within one week of submitting their documentation.  Id. at 14.

The Arbitration Agreement also set forth a process for employees to separate from DOE employment with enhanced payment of accrued paid time off, or extension of LWOP with health benefits.  Id.  DOE employees who did not comply with the VM could have opted to either separate from service by October 29, 2021 and receive enhanced payment of accrued paid time off and remain eligible for health insurance through September 5, 2022, unless they were eligible for health insurance from another source.  Id. at 16-17.  Alternatively, employees could have elected, by November 30, 2021, to extend their LWOP through September 5, 2022 and maintain health coverage.  Id.  Employees who chose to extend their LWOP and did not comply with the VM by the end of the leave period were deemed to have voluntarily resigned.  Id.  In addition, the Impact Arbitration Decision provided that starting on December 1, 2021, DOE could unilaterally separate employees who remained out of compliance with the VM and had not applied for either the extended leave or separation.  Id.

Pursuant to the Second Circuit's order in <u>Kane v. DiBlasio</u>, DOE employees whose requests for religious exemptions to the VM had been denied were entitled to "fresh consideration of their requests for a religious accommodation by a central citywide panel consisting of representatives of the Department of Citywide Administrative Services, the City Commission on Human Rights, and the Office of the Corporation Counsel." <u>See</u> <u>Kane v. De Blasio</u>, 19 F.4th 152, 176-177 (2d Cir. 2021). Entitlement to the "fresh consideration" was then extended to all DOE employees who had submitted RA Requests for religious exemptions to the Mandate. The central citywide panel ("Citywide Panel") was created specifically in response to the DOHMH's issuance of the vaccine mandates in order to consider appeals filed by employees whose accommodation requests had been denied by their agencies.

Critically, the VM created a condition of employment for DOE employees, including Plaintiff, to be vaccinated. The Second Circuit has unequivocally held that the VM was a valid, lawful "condition of employment" for City employees such as Plaintiff. <u>See</u> <u>Broecker v. N.Y.C. Dep't of Educ.</u>, 535 F. Supp. 3d 299, 314 (E.D.N.Y. Feb. 11, 2022) (the COVID-19 VM applicable to New York City Department of Education employees created a "lawful condition of employment."); <u>Gonzalez v. City of New York</u>, No. 22-CV-3577 (KAM) (RML), 2024 U.S. Dist. LEXIS 56814, at *19 (E.D.N.Y. Mar. 28, 2024) ("federal courts throughout the Second Circuit have approved vaccine mandates as a lawful condition of employment, and this Court and the Second Circuit have approved the [COVID-19] vaccine mandate"); <u>Beickert v. N.Y.C. Dep't of Educ.</u>, No. 22-CV-5265 (DLI) (VMS), 2023 U.S. Dist. LEXIS 170719, at *11 (E.D.N.Y. Sep. 25, 2023) ("the Vaccine Mandate [is] a proper condition of employment"); <u>Garland v. N.Y.C. Fire Dep't</u>, 574 F. Supp. 3d 120 (E.D.N.Y. 2021), <u>aff'd</u>, No. 23-662-CV, 2024 U.S. App. LEXIS 2651,

(2d Cir. Feb. 6, 2024); <u>Vasquez v. City of New York</u>, No. 22-CV-05068 (HG) (VMS), 2024 U.S. Dist. LEXIS 58731, *19 (E.D.N.Y. Mar. 30, 2024).

The law applicable to this case – as well as holdings in similar cases brought in the Eastern and Southern Districts of New York, and in New York State Supreme and Appellate Courts – is likewise clear that because vaccination against COVID-19 was a condition of employment, the City was well within its authority to terminate non-compliant employees based on their failure to satisfy this condition.

**B.    Amendment to the DOE Vaccine Mandate**

On February 6, 2023, the Mayor of the City of New York ("the Mayor") announced amendments to the VM such that vaccination would be optional for DOE employees.  Furthermore, the Mayor announced that while "former employees terminated for failing to submit proof of vaccination will not be able to automatically return to their previous positions, they will be able to apply for positions with their former agencies through existing city rules and regulations and hiring processes."    <u>See</u>    <u>https://www.nyc.gov/office-of-the-mayor/news/092-23/with-96-percent-city-workers-fully-vaccinated-mayor-adams-covid-19-vaccination</u> (last accessed Dec. 12, 2025).

On February 9, 2023, the New York City Board of Health ("BOH") amended the VM.  Recognizing that "99% of all DOE employees [had] completed a primary series of vaccination" the BOH repealed the requirement that new DOE staff provide proof of COVID-19 vaccination, and amended the requirement such that DOE staff and City employees who worked in-person in a DOE school setting, DOE building, or charter school setting were no longer required to provide proof of vaccination to the DOE.    <u>See</u> <u>https://www.nyc.gov/assets/doh/downloads/pdf/notice/2023/boh-order-amend-covid-vaccine-req-doe-employees.pdf</u>  (last accessed Dec. 12, 2025).

C.     **Plaintiff's Allegations in the Amended Complaint**[1]

Plaintiff alleges that she began work as an Occupational Therapist with the DOE in March 2006.  See Amended Complaint, ECF Dkt. No. 15, ¶ 9.  In or around March 2020, DOE closed all schools within their jurisdiction in New York City in response to the COVID-19 virus. Id. at ¶ 17.  Plaintiff alleges that from March 2020 until September 2021, she worked a hybrid plan, including working remotely and in her school building.  Id. Plaintiff alleges in September 2021, DOE "re-opened almost all schools and ordered her back into her school to work."  Id.  In supposed reference to DOE's VM, Plaintiff alleges that DOE "made false claims about the vaccine, the COVID virus, and compliance, in order to retaliate and discriminate against Plaintiff and similarly situated educators chosen randomly in order to remove expensive senior employees such as Plaintiff from the City payroll," which Plaintiff describes as a "hoax." Id. at 18.  Plaintiff further alleges that the VM was not generally applicable nor neutral in implementation. Id. ¶ 19.  Plaintiff claims the VM was a "political weapon, used to cull high salaried employees from the City budget that was reduced during the COVID shutdown."  Id.

On September 10, 2021, Arbitrator Scheinman issued an Impact Bargaining Award to resolve the impasse between the DOE and the UFT regarding COVID vaccine implementation procedures.  Plaintiff alleges that this Impact Bargaining Award "was discriminatory, favoring Christian Scientists or Jehovah's witnesses, and ordering any other employee not members of either these two groups to get vaccinated or be fired." Id. ¶ 20; Am. Compl., Ex. 1.

DOE informed Plaintiff that if she did not submit proof of vaccination by October 1, 2021, she would be placed on LWOP and would involuntarily be removed from her salary and benefits effective October 4, 2021.  See Am. Compl., Ex. 2.  Plaintiff did not submit to the VM

---

[1] For the purposes of this motion only, the well-pleaded allegations of fact in the Amended Complaint are deemed to be true.  See Littlejohn v. City of New York, 795 F.3d 297 (2d Cir. 2015).

because she alleged that her religious belief as a practicing Christian forbade her from doing so and instead sought a religious exemption accommodation from DOE submitted on September 17, 2021. See Am. Compl. ¶ 23; Am. Compl., Ex. 4. DOE denied Plaintiff's request for a religious exemption from the VM. See Am. Compl. ¶ 24; Am. Compl., Ex. 5. Consistent with the Impact Bargaining Award, Plaintiff submitted an appeal to an independent arbitrator, which was also denied. See Am. Compl. ¶ 28; Am. Compl.. Ex. 6.

Plaintiff again appealed the denial to the Reasonable Accommodations Appeals Panel ("Citywide Appeal Panel"). Am. Compl. ¶ 32. On January 12, 2022, Plaintiff sent the Citywide Appeal Panel additional information for review in support of her religious exemption request. Id. ¶¶ 32-35; Am. Compl., Ex. 8. On March 7, 2022, the Citywide Appeal Panel denied Plaintiff's appeal. See Am. Compl. ¶ 36; Am. Compl., Ex. 9. On March 17, 2022, DOE notified Plaintiff that she was terminated for failure to comply with the VM, a condition of employment. See Am. Compl. ¶ 37; Am. Compl., Ex. 11.

Following her termination, Plaintiff alleges that she "became aware of an email communication sent out by … UFT that indicated any person who applied for a religious exemption from the COVID-19 vaccine will be placed on a [NYC DOE] 'problem code' that is associated with her fingerprints." See Am. Compl. ¶ 39; Am. Compl., Ex. 12. Plaintiff alleges this problem code "prevented her  from obtaining employment opportunities in New York City in public and private schools." Id. Plaintiff characterizes the code as "a scarlet letter," "a permanent public stigma on Plaintiff's employment" which "made her guilty of misconduct for asking for an accommodation for her religious beliefs," on a "database [which] is shared with the FBI and the Criminal Justice System." See Am. Compl. ¶¶ 13, 39, 40, 78.

Plaintiff generally alleges that, with a "purpose [that] was malicious," "Defendants enlarged the fake information about the so-called 'death virus' in order to obtain panic among the public school parents in New York City… so that government can restrain individual liberties to the extent it furthers the ends of preventing harm to other citizens." Id. ¶ 41.

## ARGUMENT

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." See Hurley v. Dep't of Educ. of City of N.Y., No. 24-CV-1664 (NRM) (LKE), 2025 U.S. Dist. LEXIS 188282, *7 (E.D.N.Y. Sep. 23, 2025) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Fugelsang v. Dep't of Educ. of City of New York, No. 23-CV-08332 (LDH) (LKE), 2025 U.S. Dist. LEXIS 61440, *7 (E.D.N.Y. Mar. 31, 2025) (quoting Iqbal, 556 U.S. at 678) (internal quotation omitted). Thus, the pleading standard "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). The Amended Complaint fails to allege any unlawful conduct on the part of Defendant. As such, Plaintiff's claims must be dismissed.

### POINT I

### PLAINTIFF'S CLAIMS AGAINST DEFENDANTS AVILES-RAMOS AND RODI MUST BE DISMISSED FOR IMPROPER SERVICE

Plaintiff has failed to properly serve her Summons and Complaint on Defendants Aviles-Ramos and Rodi, warranting dismissal of all claims against those two parties pursuant to

Fed. R. Civ. P. 12(b)(5).  Under Fed. R. Civ. P. (4)(e)(2)(A)–(C), a plaintiff may serve a defendant by delivering a copy of the summons and of the complaint to the individual personally; leave a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or deliver a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. (4)(e)(2)(A)–(C).  A plaintiff may also serve an individual according to state law (see Fed. R. Civ. P. (4)(e)(1)), which, in New York State, requires delivering the summons within the state to the person to be served, or that the summons be delivered within the state to a person of suitable age and discretion at the defendant's "actual place of business, dwelling place or usual place of abode," along with a mailing of the summons to the defendant's last known residence or actual place of business. CPLR §§ 308(1)-(2).

Here, Plaintiff filed Affirmations of Service claiming to have served both Aviles-Ramos and Rodi by personal service on May 6, 2025, at the New York City Law Department, 100 Church Street, New York, NY 10007.  See ECF Nos. 6.  The Summons that accompanies the Complaint lists the business addresses for Aviles-Ramos as 65 Court Street, Brooklyn, NY, 11201 and for Rodi as 100 Gold Street, 4th Floor, New York, NY 10038.  Service on these defendants at 100 Church Street is insufficient, because simply delivering the summons and complaint to Corporation Counsel at this address fails to satisfy the requirements for service under federal or state law.  Absent proper service, this Court lacks jurisdiction over these Defendants and Plaintiff's claims against them must be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).

**POINT II**

**PLAINTIFF'S SHRL AND CHRL CLAIMS SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH APPLICABLE NOTICE OF CLAIM REQUIREMENTS**

Plaintiff's SHRL and CHRL claims against all Defendants must be dismissed for failure to comply with applicable notice of claim requirements. See generally Am. Compl. A plaintiff must file a notice of claim prior to commencing any action against a school district or its officers, to be presented within three months of the date when the claim arose. See Education Law § 3813(1); Bernheim v. New York City Dep't of Educ., No. 19-CV-9723 (VEC) (JLC), 2020 U.S. Dist. LEXIS 120400, at *9 (S.D.N.Y. Jul. 9, 2020). This notice requirement applies to all state and municipal claims, including "to causes of action sounding in discrimination, retaliation, and defamation." See Smith v. N.Y.C. Dep't of Educ., 808 F. Supp. 2d 569, 578 (S.D.N.Y. 2011) (collecting cases). The notice of claim requirement specifically applies to Defendants Aviles-Ramos and Rodi in their roles as Chancellor and Director of Employee Relations. See Trabacchi v. Dep't of Educ. of City of New York, No. 24-CV-6123 (RPK) (TAM), 2025 U.S. Dist. LEXIS 14852, *28-29 (E.D.N.Y. Jul. 31, 2025); Rubin v. Dep't of Educ. of City of New York, No. 20-CV-10208 (LGS) (KHP), 2023 U.S. Dist. LEXIS 2832, *28-29 (S.D.N.Y. Jan. 6, 2023). "Failure to plead compliance with a notice of claim requirement constitutes a defect warranting dismissal of a complaint on the ground that it fails to state a cause of action." See Zabar v. N.Y.C. Dep't of Educ. No. 18-CV-6657 (PGG), 2020 U.S. Dist. LEXIS 83840, *25 (S.D.N.Y. May 12, 2020) (citations omitted); see also Toth v. N.Y.C. Dep't of Educ., 718 F. Supp. 3d 224, 235 (E.D.N.Y. 2024).

Here, Plaintiff fails to plead that she filed a notice of claim pursuant to Education Law § 3813, a fatal defect requiring dismissal of her SHRL and CHRL claims. Additionally,

federal courts lack authority to grant the late filing of a notice of claim.  See Gomez-Kadawid v. Lee, No. 20-CV-01786 (VEC) (VF), 2023 U.S. Dist. LEXIS 102935, *27 (S.D.N.Y. June 13, 2023).  Further, state courts cannot grant Plaintiff leave to file a late notice of claim because the 1-year statute of limitations for Plaintiff's claims has run.  See Amorosi v. S. Colonie Ind. Cent. Sch. Dist., 9 N.Y.3d 367, 370 (2007) (citing Education Law § 3813-(2-a)).

Accordingly, Plaintiff's SHRL and CHRL claims against all Defendants should be dismissed for failure to comply with applicable notice of claim requirements.

## POINT III

## PLAINTIFF'S SHRL AND CHRL CLAIMS ARE TIME BARRED

Pursuant to § 3813 of the New York Education Law, SHRL and CHRL claims against the DOE and school officers, such as Plaintiff's here, are subject to a one-year statute of limitations.  See N.Y. Educ. Law § 3813; Trabacchi, 2025 U.S. Dist. LEXIS 14852 at *28-29 (citing Vora v. N.Y.C. Dep't of Educ., 2024 U.S. Dist. LEXIS 47446, at *32 (S.D.N.Y. Mar. 14, 2024) (§ 3813's "one-year statute of limitations applies to DOE and School Officers")).

As established supra, Defendants Aviles-Ramos and Rodi are school officers; therefore, any claims asserted by Plaintiff against either of these individuals are subject to the one-year statute of limitations set out by the Education Law.  See N.Y. Educ. Law § 2(13) (defining "school officer"); see also Trabacchi, 2025 U.S. Dist. LEXIS 14852 at *28-29; Rubin, 2023 U.S. Dist. LEXIS 2832 at *49, adopted by 2023 U.S. Dist. LEXIS 36082 (S.D.N.Y. Mar. 3, 2023).

Here, all of Plaintiff's SHRL and CHRL claims must be dismissed as time-barred. See Vora, 2024 U.S. Dist. LEXIS 47446, at *32 (S.D.N.Y. Mar. 14, 2024).  Plaintiff alleges her religious accommodation request was denied by the Citywide Panel on March 7, 2022, she received notice of her termination, effective March 17, 2022, on March 20, 2022, and, at the latest,

on April 28, 2022, alleges she was notified that "any person, [though not specifically Plaintiff], who applied for a religious exemption from the COVID-19 vaccine will be placed on a 'problem code'". See Am. Compl. ¶¶ 36, 37, 39. Plaintiff commenced this action on March 13, 2025 – nearly three years later, and well beyond the one-year statute of limitations in Education Law § 3813. See ECF Dkt. No 1. Therefore, Plaintiff's SHRL and CHRL claims must be dismissed as time-barred.

**POINT IV**

**PLAINTIFF'S § 1983, SHRL AND CHRL CLAIMS MUST BE DISMISSED**

**A.    Plaintiff Fails to Plead a Deprivation of a Constitutional Right (First Cause of Action)**

As a preliminary matter, Plaintiff's § 1983 claims must be dismissed because she has failed to plead deprivation of a constitutional right. "Generally, to withstand a motion to dismiss, a § 1983 complaint must set forth specific factual allegations indicating a deprivation of constitutional rights." Kitchen v. Phipps Houses Grp. of Cos., No. 08-CV-4296 (DC), 2009 U.S. Dist. LEXIS 12559, at *12 (S.D.N.Y. Feb. 3, 2009). Moreover, "broad, simple, and conclusory statements are insufficient to state a claim under § 1983." Id. Property interests related to employment, like Plaintiff alleges, are not among protected rights, nor is there a fundamental right to continued public employment. Fugelsang, 2025 U.S. Dist. LEXIS 61440 at *19. Further, "the Second Circuit and Supreme Court have consistently recognized that the Constitution embodies no fundamental right that in and of itself would render vaccine requirements imposed in the public interest, in the face of a public health emergency, unconstitutional." Id. at *20 (citing We The Patriots USA, Inc. v. Hochul, 17 F.4th 266, 293 (2d Cir. 2021)). Without alleging any deprivation of a constitutional right, all of Plaintiff's § 1983 claims must be dismissed.

12

In addition, Plaintiff's § 1983 claims against the individual Defendants in official capacities are redundant and futile. See Trapani v. Freeport Pub. Sch. Dist., 2025 U.S. Dist. LEXIS 85516, at *12 (E.D.N.Y. 2025). The § 1983 claims against the individual Defendants in their individual capacities also should be dismissed because Plaintiff does not allege that the individual Defendants' *own* conduct was the but-for cause of the alleged discrimination. "If [an individual] defendant has not *personally* violated a plaintiff's constitutional rights, the plaintiff cannot succeed on a § 1983 action against the defendant." Naumovski v. Norris, 934 F.3d 200, 212 (2d Cir. 2019) (citation omitted).

In her first cause of action, while Plaintiff broadly alleges Defendants' violation of "her Constitutional rights to property, liberty, and due process," it is unclear precisely what deprivation of a constitutional right Plaintiff alleges in this cause of action[2]. Nevertheless, Defendants construe that Plaintiff attempts to allege claims of religious discrimination and retaliation under 42 U.S.C.A. § 1983, SHRL and CHRL.

**B.    Plaintiff's Fails to state a § 1983, SHRL, or CHRL Discrimination Claim (First and Second Causes of Action)[3]**

    **i.    Plaintiff Fails to State a Claim of Disparate Treatment**

Section 1983 and SHRL discrimination claims are generally analyzed under the same standard as Title VII claims. See Freud v. N.Y.C. Dep't of Educ. No. 21-CV-2281 (MKV),

---

[2] Plaintiff's allegations of constitutional violations under the First, Fifth and Fourteenth Amendment are addressed *infra*.

[3] The Complaint makes passing reference to Civil Service Law §§ 75(b), 77 and "auto-machine-created denials [of Plaintiff's religious accommodation requests] that had no details about why she was denied." Am. Compl. ¶ 50. But Plaintiff does not raise these alleged violations as a Cause of Action. To the extent Plaintiff alleges violations of Civil Service Law §§ 75(b), 77, Plaintiff's claim is time-barred by the one-year statute of limitations, and Plaintiff fails to state a claim. Plaintiff fails, *inter alia*, to allege any "disclosure of information to a governmental body regarding an improper governmental action." Militinska-Lake v. Kirnon, No. 22-CV-2267, 2023 U.S. App. LEXIS 30370, *8-9, (2d Cir. Nov. 15, 2023).

2022 U.S. Dist. LEXIS 54353, *22-*23 (S.D.N.Y. Mar. 25, 2022) (citing Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87-99 (2d Cir. 2015)).  To defeat a motion to dismiss on a § 1983 or SHRL religious discrimination claim, a plaintiff must plausibly allege facts showing (1) that her employer took an adverse action against her; and (2) that her religion was a motivating factor in the employment decision. Id.  The facts alleged in the complaint must provide at least minimal support for the proposition the employer was motivated by discriminatory intent.  Id. at 24.  CHRL claims under the CHRL must be construed broadly in favor of discrimination plaintiffs and to state a religious discrimination claim under the CHRL, a Plaintiff must allege that her employer treated her less well, at least in part for a discriminatory reason.  Id. at *29-30 (citing Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 110 n.8 (2d Cir. 2013)).  Under the CHRL, Plaintiff is not relieved of her burden to show that discriminary reasons played some part in her being treated less well.  Id.  (citing Albunio v. City of New York, 16 N.Y.3d 472, 477-78, (2011)).

As set forth *supra*, the VM has consistently been upheld as a lawful condition of employment for employees of the DOE.  Every Court that has encountered this question has held that the VM is lawful condition of employment for DOE and City employees.  See Broecker, 535 F. Supp. 3d at 314; Gonzalez, 2024 U.S. Dist. LEXIS 56814 at *19.

With respect to alleged discriminatory treatment, Plaintiff's pleadings are internally inconsistent, see Carson Optical Inc. v. eBay Inc., 202 F. Supp. 3d 247, 255 (E.D.N.Y. 2016), and her attenuated allegations are contradicted by more specific allegations in the Amended Complaint, see Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1095 (2d Cir. 1995), warranting dismissal of her religious discrimination claim. Plaintiff's allegations of adverse action include denial of religious accommodation request, subsequent termination for failure to comply with a lawful

condition of employment, and that because of her termination, she was "ostracized and humiliated by peers both inside and outside of the workplace." See Am. Compl. ¶ 48.  Plaintiff simultaneously alleges that DOE employees, including those with religious and medical exemptions, who were "granted accommodations were belittled and feared by other[s] in NYC DOE."  See https://nypost.com/2022/03/05/nyc-teachers-with-vaccine-exemptions-treated-like-outcasts/ (Last visited December 12, 2025), cited in Am. Compl. ¶ 43[4].  Thus, Plaintiff alleges she would have been subject to similar treatment by peers whether or not her religious accommodation exemption had been granted, undercutting her allegation the religious accommodation policy as applied resulted in discriminatory disparate treatment. See Am. Compl. ¶¶ 19, 20.

The Amended Complaint fails to set forth sufficient facts to plausibly suggest that Plaintiff's religion was a motivating factor in DOE's denial of her accommodation request or termination, or to establish that she was treated less well for a discriminatory reason.  See Vega, 801 F.3d at 87; Freud, 2022 U.S. Dist. LEXIS 54353 at *28.  Indeed, the Amended Complaint concedes that "the Citywide Appeal Panel denied [Plaintiff's] religious exemption accommodation due to *Undue Hardship*" and Plaintiff was "officially terminated from the Department of Education due to non-compliance with the Vaccine Mandate."  See Am. Compl. ¶¶ 36, 37.  Plaintiff does not allege Defendants criticized her in "religiously degrading terms," or that "invidious comments" were made about her or others who held the same alleged religious belief. See Fugelsang, 2025 U.S. Dist. LEXIS 61440 at *5-6 (quoting Littlejohn, 795 F.3d at 312).

Nor does Plaintiff plausibly allege disparate treatment of others who did not hold her religious beliefs.  Plaintiff's sole allegation of disparate treatment states, in a wholly conclusory

---

[4] Plaintiff's concession therein that some employees were *granted* accommodations is inconsistent with her allegation that Defendant Rodi "*denied all* requests for religious accommodations." See Am. Compl. ¶ 13 (emphasis added).

manner, that the September 10, 2021, Arbitration Award favored Christian Scientists and Jehovah's Witness practitioners, "ordering any other employees not members of either of these two groups to get vaccinated or fired."  Am. Compl. ¶ 20.  Plaintiff's allegation that Defendants "adopted a facially discriminatory religious accommodation policy that conditioned an exemption on membership in a favored religion" is contradictory to the plain language of the Award.  See Am. Compl., Ex. 1.  The Award does not mention Jehovah's Witness members and "provided Christian Scientists as example of recognized religious organizations… stating that religious exemption requests 'must be documented in writing by a religious official (e.g., clergy)' and 'shall be considered for recognized established religious organizations (e.g., Christian Scientists).'" Hurley, 2025 U.S. Dist. LEXIS 188282 at *24.

Beyond Plaintiff's vague allegations of religious discrimination, the Amended Complaint, fails to "pled any facts that show that her discharge was motivated by discriminatory intent, nor that suggest the employer's desire to avoid providing an accommodation was a motivating factor in its decision to terminate her."  See Hurley, 2025 U.S. Dist. LEXIS 188282 at *10 (dismissing religious discrimination on similar grounds); see also Fugelsang, 2025 U.S. Dist. LEXIS 61440 at *5-6; Famiglietti v. N.Y.C. Dep't of Sanitation, No. 23-CV-2754 (LDH) (LKE), 2024 U.S. Dist. LEXIS 195618, at *7-8 at *4 (E.D.N.Y., Oct. 28, 2024).

Thus, Plaintiff's religious discrimination claims under § 1983, the SHRL, and the CHRL must be dismissed.[5]

### ii. Plaintiff Fails to State a Claim for Failure to Accommodate

---

[5] Plaintiff's First Cause of Action lists allegations to rebut Defendants' undue hardship reasoning for denying her Citywide Panel religious accommodation request. Am. Compl. ¶¶ 44, 45. Because a defense of undue hardship is a legal theory typically applied to a religious discrimination for failure to accommodate claim, Defendants address those allegations in response to Plaintiff's Second Cause of Action for Failure to Accommodate.

Plaintiff's SHRL and CHRL religious failure to accommodate claims should also be dismissed because Plaintiff's request was not reasonable, and would have caused Defendants an undue hardship. Algarin v. NYC Health and Hosps. Corp., 678 F. Supp. 3d 497, 512-513 (S.D.N.Y. 2023).

A plaintiff asserting SHRL and CHRL religious accommodation claims must allege: (1) she held a bona fide religious belief conflicting with an employment requirement; (2) she informed her employer of this belief; and (3) she was disciplined for failure to comply with the conflicting employment requirement." See Baker v. Home Depot, 445 F.3d 541, 546 (2d. Cir. 2006); Lee v. NYC Fire Dep't., No. 24-CV-4771 (VMS), 2025 U.S. Dist. LEXIS 191585 (E.D.N.Y. Sep. 29, 2025). Under the more liberal CHRL standard, "a 'reasonable accommodation' is an 'accommodation to an employee's or prospective employee's religious observance or practice as *shall not cause undue hardship* in the conduct of the employer's business,' as to which '[t]he employer shall have the burden of proof.'" Lee, 2025 U.S. Dist. LEXIS 191585 at *6 (citing Admin. Code § 8-107(3)(b) (emphasis added)). The CHRL defines "hardship" as "an accommodation requiring significant expense or difficulty including "significant interference with the safe or efficient operation of the workplace." Admin. Code § 8-107(3)(b). Under the CHRL, a religious accommodation poses an undue hardship "if it will result in the inability of an employee who is seeking a religious accommodation to perform the essential functions of the position." Admin. Code § 8-107(3)(b). "The defense of undue hardship 'may be raised in a pre-answer motion to dismiss under Rule 12(b)(6). . . if the defense appears on the face of the complaint.'" D'Cunha v. Northwell Health Sys., 2023 U.S. App. LEXIS 30612, *7 (2d Cir. Nov. 17, 2023) (citation omitted).

Plaintiff's requested accommodation would have caused DOE undue hardship, warranting dismissal of Plaintiff's failure to accommodate claim under all standards. The purpose of the VM was to ensure the safety of those within the DOE's school system. See Kane v. De Blasio, 623 F. Supp. 3d 339, 348, 354 (S.D.N.Y. 2022). Here, Plaintiff was informed that her religious accommodation request was denied because it would cause an undue hardship "given the need for a safe environment for in-person learning." Am. Compl. ¶ 36. Plaintiff's request would have significantly interfered with the safe operation of DOE's schools, and Plaintiff's decision to not comply with the VM after the denial of her request constituted her inability to conform to a lawful condition of employment. See We the Patriots USA, Inc., 17 F.4th at 294.

"Courts have routinely found that a full exemption from the COVID-19 vaccine would constitute an undue hardship for Title VII religious accommodation claims." Hurley, 2025 U.S. Dist. LEXIS 188282 at *19 (collecting cases). Plaintiff's conclusory allegations that "Defendants invocation of 'undue hardship' defenses are plainly pretexts attempting to cover for Defendants explicit religious discrimination" predicated on "animosity to a particular religion, to religion in general, or to the very notion of accommodation religious practice" are based on her own alleged beliefs about the harms of COVID-19 and the inefficacy of the vaccine. See Am. Compl. ¶¶ 18, 20, 43, 67, 71. (stating Defendants made "false claims about the vaccine, the COVID virus and compliance," "enlarged the fake information about the so-called 'death virus'" and knew the vaccine did not actually stop transmission of the disease.") Notably, courts have stated the DOE's VM helped to "[prevent] transmission of the COVID-19 virus and protect[ed] students." Broecker, 573 F. Supp. 3d at 891. Accordingly, Plaintiff's requested accommodation would have imposed an undue hardship by creating a health and safety risk that would have prevented the DOE from fostering a safe educational and work environment when COVID-19 vaccines had become

available and warrants dismissal of Plaintiff's claim. See Beickert, 2023 U.S. Dist. LEXIS 170719 at *13-15 (finding that it was appropriate for the DOE to assert an "undue hardship" defense in connection with the DOE's 12(b) motion to dismiss a denial of religious accommodation claim by another special education classroom teacher).

Plaintiff alleges that "Defendants never showed that granting Plaintiff's accommodation would make anyone 'unsafe,' considering the fact that Plaintiff would agree to testing and masking but was never asked to do either in any cooperative dialogue." See Am. Compl. ¶ 44. Even if Plaintiff took precautions such as wearing masks and submitting to testing, her presence as an unvaccinated individual would have presented "a risk to the vulnerable and still primarily unvaccinated student population" and other employees. Kane, 623 F. Supp.3d at 363; see also Dennison v. Bon Secours Charity Health Sys. Med. Grp., P.C., 2023 U.S. Dist. LEXIS 84888, at *5 n.4, *6 n.7 (S.D.N.Y. May 15, 2023) (finding an "obvious hardship associated with the increased health and safety risk posed to other employees" by remaining at their worksite unvaccinated against COVID-19). Moreover, Plaintiff has not alleged that she requested an accommodation to work remotely, or submit to testing and masking, as opposed to a full exemption from the VM. See Hurley, 2025 U.S. Dist. LEXIS 188282 at *20-21 (dismissing failure to accommodate on similar grounds).

Plaintiff pleads no facts about the conditions of her employment with DOE as an Occupational Therapist to indicate that alternative accommodations could have minimized health and safety risks posed to others. See e.g Fugelsang, 2025 U.S. Dist. LEXIS 61440 at *8-9, (collecting cases of undue hardship findings in DOE vaccine exemption requests; highlighting increased health and safety risks for employees working in close working relationships with others); Dodson v. Lutheran Vill. at Millers Grant, Inc., No. EA-23-169, 2025 U.S. Dist. LEXIS

97415, *21-35 (D. Md. May 22, 2025) (on summary judgment, finding undue hardship prevented employer from granting religious accommodation exemption from COVID-19 vaccine to Occupational Therapist when work required close contact with vulnerable population, coworkers).

For these reasons, Plaintiff's religious accommodation claims must be dismissed for failure to state a claim.

**C.    Plaintiff Fails to State a Claim for Failure to Engage in Cooperative Dialogue under the CHRL (First and Second Cause of Action)**

To the extent the Amended Complaint can be construed to allege Defendant's failure to engage in a cooperative dialogue, Plaintiff fails to state a claim. Plaintiff fails to allege sufficient facts that Defendants refused or failed "to engage in a cooperative dialogue [regarding an accommodation] within a reasonable time." Carbone v. City of New York, No. 25-CV-2368 (JGK), 2025 U.S. Dist. LEXIS 226110, *22 (S.D.N.Y. Nov. 17, 2025) (citing Admin. Code § 8-107(28)(a)).

Plaintiff allegations that "Defendants never engaged in a cooperative dialogue about Plaintiff's accommodation or exemption" are conclusory and inconsistent with her other allegations. See Am. Compl. ¶¶ 7, 44, 55, 56. Plaintiff acknowledges that DOE engaged with her in an interactive process. Id. ¶ 23. Plaintiff availed herself of DOE's appeals process, during which she interacted with DOE and UFT officials, Id. ¶¶ 24-27. DOE informed her that it denied her accommodation request, and explained the implications of that decision. Id. ¶¶ 28-29. Plaintiff further appealed DOE's decision to the Citywide Panel. Id. ¶¶ 32-35. Plaintiff was informed that her appeal was again denied, and was given the reasoning for that decision. Id. ¶ 36.

DOE satisfied its obligation under the CHRL to engage in an cooperative dialog when it "publicly offered public information on its process for reviewing accommodation requests related to the vaccine mandate," Plaintiff "availed [herself] of that process" and DOE "explained

why her application did not qualify for an accommodation," and "the parties further engaged during the administrative appeals process."  See Carbone, 2025 U.S. Dist. LEXIS 226110, *23-24 (citing Marsteller v. City of New York, 217 A.D.3d 543, 545 (1st Dept. 2023)).

Defendants clearly met their obligation to engage in a cooperative dialogue with Plaintiff.  As such, Plaintiff's claims of failure to engage in a cooperative dialogue must be dismissed.

**D.**     **Plaintiff's Fails to State a § 1983, SHRL, or CHRL Retaliation Claim (First Cause of Action)**

Under any standard, Plaintiff's retaliation claims must be dismissed because the Amended Complaint fails to allege that Plaintiff engaged in protected activity, that the DOE had knowledge of any protected activity, or a causal connection between any protected activity and an alleged adverse employment action. See Freud v. DOE, 2022 U.S. Dist. LEXIS 54353 *29-30.

To state a retaliation claim under §1983, Plaintiff must plausibly allege that Defendants acted under the color of state law, that Defendants took adverse employment action against Plaintiff, and that the adverse action was taken because Plaintiff complained of or otherwise opposed discrimination.  Vega, 801 F.3d at 91.  "[T]he elements of a retaliation claim based on an equal protection violation under § 1983 mirror those under Title VII." Id.  The same is true for retaliation claims brought under the SHRL.  See Hicks v. Baines, 593 F.3d 159, 164 (2d Cir. 2010); Alexander v. Westbury Union Free Sch. Dist., 829 F. Supp. 89, 113 (E.D.N.Y. 2011). Retaliation under the CHRL requires only that a plaintiff show that something happened that was reasonably likely to deter a person from engaging in protected activity. Jadallah v. N.Y.C. Dep't of Educ. No. 21-CV-6390 (DG) (VMS), 2023 U.S. Dist. LEXIS 670, *18 (S.D.N.Y. Jan. 23, 2023).

Plaintiff must also plead a causal connection between the adverse action and the plaintiff's protected activity.  Barkley v. Penn Yan Central Sch. Dist., 442 F. App'x 581, 583 (2d

Cir. 2011).  Causation may be inferred based on "[t]he temporal proximity of events," El Sayed v. Hilton Hotels Corp., 627 F.3d 931, 932 (2d Cir. 2010), and "[t]hough there is no bright-line rule on temporal proximity" courts in this Circuit have "held that a one to two month period between the protected activity and adverse employment action is generally sufficient to make a prima facie causation showing." Rivera v. JPMorgan Chase, 815 F. App'x 603, 608 (2d Cir. 2020).

While district courts in the Second Circuit have recognized a request for a reasonable religious reasonable accommodation *may* qualify as protected activity under CHRL, the same request does not qualify as protected activity under SHRL.  Pagan v. Rsch. Found. of the City Univ. of New York, No. 24-CV-6500 (RA), 2025 U.S. Dist. LEXIS 194039, *26-27, *32, (Sep. 30, 2025).  A plaintiff must have a good faith, reasonable belief that she is "opposing an unlawful employment practice" complaining of  "statutorily prohibited discrimination" at the time of the activity and the "onus is on the speaker to clarify to the employer that [s]he is complaining of unfair treatment due to his membership in a protected class." See Stancu v. N.Y.C/Parks Dep't., No. 20-CV-10371 (MMG), 2025 U.S. Dist. LEXIS 164665, *24 (S.D.N.Y. Aug. 25, 2025).

Here, the Amended Complaint alleges that Plaintiff does not challenge the VM, but "the way it which it was applied."  See Am. Compl. ¶ 19.  Yet, Plaintiff does not allege she complained to DOE that Defendants' application of the VM and its religious accommodation policies was discriminatory.  See Am. Compl., generally.  Plaintiff's Amended Complaint does not allege that she engaged in protected activity prior to any alleged adverse employment actions. See Am. Compl. ¶ 20; Am. Compl., Exs. 4, 8.  Moreover, any  claim of Plaintiff's good faith belief in the VM's as-applied religious discrimination made now is contradicted by Plaintiff's allegations that the VM was "Defendants' Citywide hoax to remove City workers from payroll … to retaliate and discriminate against Plaintiff and similarly situated educators chosen *randomly* in order to

remove *expensive senior employees such as Plaintiff* from the City payroll."  See Am. Compl. at ¶ 18 (emphasis added).  By contrast, Plaintiff seemingly alleges that the DOE implemented the VM for political, economic and/or budgetary reasons, rather than discrimination based on membership in a protected class or retaliation for protected activity.  See Am. Compl. ¶ 19, 22 (claiming the VM "was a political weapon, used to cull high salaried employees from the City budget," and claiming that leave without pay policies "and fake news about the COVID virus and the so-called 'lethal' vaccine served as a ruse to fire as many municipal workers as possible without due process").

The Amended Complaint also fails to allege a causal connection between any protected activity by Plaintiff and an adverse action. Plaintiff alleges no facts in support of direct retaliatory animus or disparate treatment of similarly situated employees. Nor can Plaintiff rely on temporal causation when "district courts within the Second Circuit have consistently held that a passage of more than two months between the protected activity and the adverse employment action does not allow for an inference of causation." Anderson v. City of New York, 712 F. Supp. 3d 412, 429, (S.D.N.Y. 2024). Indeed, any alleged temporal proximity causation is contradicted by an intervening event – the "far more plausible explanation for the adverse employment action: Plaintiff's [continued] fail[ure] to comply with COVID-19 vaccination requirements." Id. at 436.

Thus, because none of Plaintiff's religious accommodation requests qualify as protected activity under § 1983, SHRL, or CHRL and Plaintiff fails to establish a causal connection, she fails to satisfy the requirements for a prima facie claim of unlawful retaliation.

**E.    Plaintiff's Fails to State a Claim for Fraud in the Inducement (First Cause of Action)**

To the extent Plaintiff asserts a cause of action for Fraud in the Inducement, the Amended Complaint fails to allege sufficient facts to state such a claim.  See Am. Compl. ¶ 46. With the exception of one allegation that "Defendants wrongfully, deliberately, in bad faith and

under color of law attempted to fraudulently induce Plaintiff to choose to relinquish her protected beliefs in order to submit to an experimental vaccine and then punished her for not agreeing to this extortion and discrimination," Plaintiff makes no other reference to fraud of any kind throughout the Amended Complaint.  Id.

Rule 9(b) of the Federal Rules of Civil Procedure requires that to sufficiently plead fraud in the inducement, a plaintiff is required to "(1) specify the statements that the plaintiff contends were fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and, (4) explain why the statements were fraudulent." See Kalaj v. Kay, No. 21-CV-4395 (EK) (JRC), 2023 U.S. Dist. LEXIS 122687, *23, (E.D.N.Y. July 17, 2023).

Plaintiff fails to satisfy even one of the pleading requirements to sufficiently state a fraud in the inducement claim. Beyond her own conclusory and speculative allegations about COVID-19 and the efficacy of vaccines, Plaintiff fails to allege fraudulent statements, who purportedly made them, or where or when any fraudulent statements were made.  For this reason, Plaintiff's fraud in the inducement claim fails and must be dismissed accordingly.

## POINT V

### THE AMENDED COMPLAINT FAILS TO SHOW THAT DEFENDANTS VIOLATED THE UNITED STATES CONSTITUTION

**A.**    **Plaintiff's Fourteenth Amendment Equal Protection Claims Must Be Dismissed (Third Cause of Action)**

**i.**    **Plaintiff's Selective Enforcement Claim Fails**

Plaintiff's Fourteenth Amendment Equal Protection Clause claim is fashioned as a selective enforcement claim. See Am. Compl. ¶¶ 59, 66.  The Second Circuit has identified two types of selective enforcement claims under § 1983.  Under the first type, a plaintiff must plead facts showing: "(1) the person, compared with others similarly situated, was selectively treated,

and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person."  Under the second type of claim, "a plaintiff need not provide proof of a defendant's subjective ill will towards a plaintiff" and instead can rely "on the basis of similarity alone." Id. at 93.  See Hurley, 2025 U.S. Dist. LEXIS 188282 at *22 (citations omitted); Velasquez v. City of New York Dept. of Bldgs., No. 19-CV-9687 (PKC), 2020 U.S. Dist. LEXIS 90361, at *8 (S.D.N.Y. May 22, 2020). Accordingly, "'if a law neither burdens a fundamental right nor targets a suspect class,' it will be upheld 'so long as it bears a rational relation to some legitimate end.'" See Sutton v. Adams, No. 23-CV-3880 (JPO), 2024 U.S. Dist. LEXIS 86023, at *8 (S.D.N.Y. May 13, 2024) (citing Clementine Co., LLC v. Adams, 74 F.4th 77, 89 (2d Cir. 2023)).

Here, as argued *supra*, Plaintiff has failed to plausibly allege that DOE provided selective treatment to any similarly situated individuals of a different religion.  See Velasquez, 2020 U.S. Dist. LEXIS 90361, at *8.  Nor does Plaintiff plead that she was subjected to differential treatment as compared to individuals who requested an exemption based on different religious beliefs.  Id.  Plaintiff's inaccurate allegations regarding Jehovah Witness and Christian Scientists is contradicted by the plain language of the exhibit Plaintiff draws from, as argued *supra*.  See Am. Compl. ¶ 20; Am. Compl, Ex.1.  The VM applied equally to all DOE employees, and Plaintiff's allegations of disparate treatment from other DOE employees is conclusory and contradicted by other allegations.  See Am. Compl ¶¶ 20-21, 60, 65-67.  Plaintiff has failed to adequately allege any specific discriminatory intent or animus to Defendant's action that was based on religion.  See Mora v. New York State Unified Ct. Sys., No. 22-CV-10322 (VB), 2023 U.S. Dist. LEXIS 166411, at *32 (S.D.N.Y. Sep. 19, 2023).

Moreover, "both [the Second Circuit] and the Supreme Court have consistently recognized that the Constitution embodies no fundamental right that in and of itself would render vaccine requirements imposed in the public interest, in the face of a public health emergency, unconstitutional." Sutton, 2024 U.S. Dist. LEXIS 86023, at *9. Under the rational basis standard, "legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." Id. at *10. Here, the VM has consistently passed the rational basis test. Despite Plaintiff's protestations, DOE had a legitimate interest in protecting employees and students from the spread of COVID-19.

Plaintiff's reference to a single trial level state court decision, Garvey v. City of New York, Index No. 85163/2022, 77 Misc. 3d 585 (Sup. Ct., Richmond County 2022) (Porzio, J.) is unavailing. See Am. Compl. ¶ 61. Courts in the Second Circuit have repeatedly rejected similar allegations relying on Garvey because "that decision did not rely on the federal Constitution," Brock v. City of New York, No. 23-1148, 2024 U.S. App. LEXIS 17904, *4 (2d Cir. July 22, 2024); Hewitt-Simmons v. Adams, No. 23-CV-06001, 2024 U.S. Dist. LEXIS 177885, *10 (E.D.N.Y. Sept. 30, 2024) (finding Garvey inapplicable to claims under federal law); O'Leary v. City of New York, 2024 U.S. Dist. LEXIS 164908, *9 (S.D.N.Y. Sep. 12, 2024) (same). Almost all federal and state courts addressing this issue have failed to sustain selective enforcement challenges brought by public employees who were subject to a COVID-19 vaccine mandate. See, e.g., Sutton, 2024 U.S. Dist. LEXIS 86023, at *14 (VM applied equally to all City employees, that the plaintiff did not allege that Defendants treated him selectively as compared to other City employees and that the private sector employees comparators did not have an "extremely high degree of similarity" or a "reasonably close resemblance" to plaintiff); see also

Garland v. City of New York, 665 F. Supp. 3d 295, 307 (E.D.N.Y. 2023) (collecting cases highlighting Garvey as an outlier).

Thus, Plaintiff has failed to allege a claim for selective enforcement and this claim must be dismissed.

### ii. Plaintiff Fails To Plausibly Plead A Deprivation Of A Property Interest Without Due Process

To the extent that Plaintiff's Fourteenth Amendment claim can be liberally construed to allege a procedural due process violation, Plaintiff fails to state a claim. To state a procedural due process claim, a plaintiff must establish: (1) that she possessed a protected property interest; and (2) that she faced a deprivation of that interest without constitutionally adequate process. See Peralta v. N.Y. City Dep't of Educ., No. 21-CV-6833(EK) (LB), 2023 U.S. Dist. LEXIS 169529, *7 (E.D.N.Y. 2023). "[T]he Constitution mandates only that such process include, at a minimum, notice and the opportunity to respond." O'Connor v. Pierson, 426 F.3d 187, 198 (2d Cir. 2005). Courts in this circuit have consistently found the VM, the process by which DOE employees were notified of the VM and how to apply for an exemption, and the termination of their employment following their failure to comply with the VM, did not violate their due process. See e.g., Broecker, 585 F. Supp. 3d 299; Peralta, 2023 U.S. Dist. LEXIS 169529; Garland, 574 F. Supp. 3d 120; Vasquez, 2024 U.S. Dist. LEXIS 58731. The Broecker court held that "the pre-and post-deprivation process [DOE plaintiffs] have been afforded upon the deprivation of Plaintiffs' continued employment and pay were, and remain, constitutionally adequate." 585 F. Supp. 3d 299 at 317.

Plaintiff alleges that the DOE notified her of the VM, provided instructions about how to apply for an exemption, and outlines all of the due process she was accorded, from the date she that she was notified of the VM through the date her second appeal was denied by the Citywide

Panel. See Compl. ¶¶ 20-37. Plaintiff even alleges that she participated in a hearing with an arbitrator, and that after her appeal was denied by the arbitrator, she was able to submit another appeal. Id. ¶¶ 2-32. Plaintiff, therefore, received more than adequate due process before her exception request was denied and DOE terminated her employment. See Broecker, 535 F. Supp. 3d 299 at 317. For these reasons, Plaintiff's putative procedural due process claim must be dismissed.

### iii. Plaintiff Fails To Plausibly Plead A Stigma Plus Claim or Any Claim Stemming From An Alleged "Problem Code"

Notwithstanding the fact that Plaintiff has failed to offer any factual or legal support for what appears to be her "stigma plus" claim (see Am. Compl. ¶¶ 13, 51), to the extent that Plaintiff does attempt to set forth a stigma plus cause of action, any such claim fails. Further, Plaintiff's numerous, conclusory, factually unsupported allegations related to her placement on a DOE "problem code" are insufficiently plead with a connection to any of the Amended Complaint's causes of actions. See Am. Compl. ¶¶ 13, 39-40, 56, 78, 84-85.

To state a stigma plus claim, a plaintiff must allege: "(1) an injury to one's reputation (the stigma); (2) the deprivation of some 'tangible interest' or property right (the plus) (3) absence of adequate process." See Xu v. City of New York, No. 08-CV-11339 (AT) (RWL), 2020 U.S. Dist. LEXIS 250821, *75-76 (S.D.N.Y. 2020) (quoting Segal v. City of New York, 459 F.3d 207, 212 (2d Cir. 2006) (internal quotation marks and citation omitted)). To demonstrate stigma, a plaintiff must satisfy a three-prong test. First, the plaintiff must show that "the government made stigmatizing statements about her," which either "call into question the plaintiff's good name, reputation, honor, or integrity" or "denigrate the employee's competence as a professional and impugn the employee's professional reputation in such a fashion as to effectively put a significant roadblock in that employee's continued ability to practice his or her profession."

Id. at *76.  Second, a plaintiff must show that the "stigmatizing statements were made public."  Id. Third, a plaintiff must show that "the stigmatizing statements were made concurrently with, or in close temporal relationship to, the plaintiff's dismissal."  See Segal, 459 F.3d at 212-13.

As an initial matter, as set forth above, Plaintiff was given all of the process she was due here, and courts throughout this Circuit have held that the VM does not implicate due process rights.  Plaintiff fails to allege, beyond her conclusory third-party statement of notice, that the DOE ever placed a problem code on any of Plaintiff's personnel files.  See Am. Compl. ¶¶ 39, 40.  Moreover, even if DOE had done so, the code would indicate only that Plaintiff did not comply with the VM, which, as Plaintiff makes clear in her Complaint, is entirely true.  See, e.g., Am. Compl. ¶ 37.

Plaintiff's allegations with respect to a "problem code" fails to satisfy even one of the three prongs of the stigma test set forth in Segal, 459 F.3d at 212-13.  Plaintiff alleges that her fingerprints were placed in a "Problem Code" database, which, she alleges, is "shared with the FBI and Criminal Justice system," and "prevented her from obtaining any employment opportunities in New York City in public or private schools."  See Am. Compl. ¶¶ 13, 39.  Plaintiff's allegations are factually unsupported and contradicted by the exhibits to the Amended Complaint.  Plaintiff alleges that she "became aware" via emails from UFT that "any person who applied for a religious exemption from the COVID-19 vaccine will be placed on a problem code."  Id. ¶ 39 (emphasis added).  Yet Plaintiff also alleges that the problem code "prevents an employee from getting work at the DOE because they have been labeled 'insubordinate' 'guilty of misconduct' or 'incompetent.'"  Id. ¶ 78.  In support of these allegations of a "new category of discipline titled 'insubordinate unvaccinated employee,'" Plaintiff attaches various emails and court records, none of which name or indicate that Plaintiff's records are associated with a problem code.  See Am.

Compl., Ex. 12.  Plaintiff fails to allege facts to support that *she* is labelled with a problem code. Further, Plaintiff contradicts herself in the Amended Complaint.  On the one hand, Plaintiff alleges a "problem code" was applied to all employees "who applied for a religious exemption from the COVID-19 vaccine," including those whose accommodation requests were granted.  Am. Compl. ¶ 39.  On the other hand, Plaintiff simultaneously alleges that the code prevented employees from working with DOE.  Id.

Further, Plaintiff fails to allege that: (1) the alleged "problem code" called into question her good name or denigrated her competence as a professional; (2) the "problem code" was made public, or; (3) that the alleged problem code was made concurrently with, or in close temporal relationship to, her termination from DOE.  Segal, 459 F.3d at 212-13.  Aside from Plaintiff's conclusory statements, she fails to plead any facts indicating that the alleged "problem code" ever prevented her from getting other employment, or from being reinstated to her employment with the DOE.  Plaintiff fails to plead facts demonstrating that anyone outside of the DOE ever had access to the alleged "problem code" or to her internal DOE files.  For these reasons, Plaintiff's stigma plus claim fails and must be dismissed.

## B.     Plaintiff's Fifth and Fourteenth Amendment Substantive Due Process Claim Fails and Must Be Dismissed (Fourth Cause of Action)

Plaintiff's substantive due process claims fail because Plaintiff fails to allege that DOE infringed upon any fundamental rights.  We the Patriots USA, Inc., 17 F.4th at 294; Doe v. Franklin Square Union Free Sch. Dist., 100 F.4th 86, 94, *14 (2d Cir. 2024) (citations omitted). Rights not enumerated in the U.S. Constitution are only deemed fundamental when the right is "deeply rooted in our history and tradition" and "essential to our Nation's scheme of ordered liberty."  Peralta, 2023 U.S. Dist. LEXIS 169529 at *12 (citing Dobbs v. Jackson Women's Health Org., 142 S. Ct. 2228, 2246 (2022).

Plaintiff alleges that Defendants violated her "fundamental right to her sincere religious beliefs and to protect herself from bodily harm, and from her life/employment being taken by the government for reasons that are not valid." See Am. Compl. ¶ 70. None of these claims invoke recognized fundamental rights[6]. Property interests related to employment are not among protected rights, nor is there a fundamental right to continued public employment. Fugelsang, 2025 U.S. Dist. LEXIS 61440 at *19. Further, "the Second Circuit and Supreme Court have consistently recognized that the Constitution embodies no fundamental right that in and of itself would render vaccine requirements imposed in the public interest, in the face of a public health emergency, unconstitutional." Id. at *20 (citing We The Patriots USA, Inc., 17 F.4th at 293). Plaintiff's assertion that she "has a fundamental right to her sincere religious beliefs and to protect herself from bodily harm" is tied to her claim that "Defendants had no compelling reason … to mandate the vaccines … and then order [Plaintiff] to put an experimental substance into her body." Am. Compl. ¶¶ 70-71. "While the right to refuse unwanted medical treatment may be fundamental, the right to be employed at a particular … government entity is not." Wilson v. Mid-Hudson Forensic Psychiatric Ctr., No. 23-CV-8911 (CS), 2025 U.S. Dist. LEXIS 85690, *25, (S.D.N.Y. May 5, 2025). Plaintiff alleges "no basis for concluding that the vaccination requirement here, considerably narrower than the citywide [smallpox] mandate in Jacobson, violates a fundamental constitutional right." We the Patriots USA, Inc., 17 F.4th at 293 (citing Jacobson v. Massachusetts, 197 U.S. 11 (1905)).

Where a plaintiff cannot allege infringement of a fundamental right, the government action at issue must only pass rational basis review. Goe v. Zucker, 43 F.4th 19, 32

---

[6] Plaintiff's other passing references to alleged denial of property, liberty or due process interests seem to invoke procedural due process, addressed above. See Am. Compl. ¶¶ 20, 21, 48, 52, 68.

(2d Cir. 2022). "It is now well-established that employment restrictions predicated on vaccination status are rationally related to the legitimate purpose of protecting public health." Id. Even if Plaintiff pleaded infringement of a fundamental right, Plaintiff fails entirely to "allege governmental conduct that is so egregious, so outrageous, that it may . . . shock the contemporary conscience." Velez v. Levy, 401 F.3d 75, 93-94, (2d Cir. 2005). Plaintiff's claims that "Defendants had no compelling or even legitimate reason to mandate the vaccines" is unavailing. Am. Compl. ¶ 71. Courts in this circuit have recognized "the purpose of the Vaccine Mandate was "to protect the workers of [Defendant DOE] and those interacting with them from a highly contagious and potentially fatal virus." Algarin v. NYC Health + Hosps. Corp., 678 F. Supp. 3d 497, 515 (S.D.N.Y. 2023), aff'd sub nom. Algarin v. New York City Health & Hosps. Corp., No. 23-1063, 2024 U.S. App. LEXIS 6114, (2d Cir. Mar. 14, 2024).

Finally, to the extent Plaintiff asserts that Defendants deprived her of due process rights in violation of the Fifth Amendment, such a claim must be dismissed because the Fifth Amendment only applies to actions by the Federal Government, not the activities of state officials or state actors. See Becker v. Nassau Boces Sch. Dist., Bd. of Coop. Educ. Servs., No. 21-CV-2855 (ST), 2022 U.S. Dist. LEXIS 177878, at *20 (E.D.N.Y. Sep. 29, 2022). Thus, Plaintiff's Fifth and Fourteenth Amendment substantive due process claims fail and must be dismissed.

## C.     Plaintiff's First Amendment Free Exercise of Religion Claim Fails and Must Be Dismissed[7] (Fifth Cause of Action)

Plaintiff's First Amendment Free Exercise claim fails because Plaintiff cannot show that Defendants burdened a sincere religious practice pursuant to a policy that is not neutral

---

[7] The Amended Complaint makes passing reference to a violation of the Establishment Clause, see Am. Compl. at ¶¶ 74, 82, but brings no Establishment Clause cause of action. To the extent such a claim can be inferred, Plaintiff fails to allege any facts that Defendants acted to prefer one religion over another or with the purpose of effect of advancing or inhibiting religion. New Yorkers for Religious Liberty, Inc. v. City of New York, 125 F.4th 319, 332 (2d Cir. 2024).

or generally applicable, see Kennedy v. Bremerton Sch. Dist., 597 U.S. 507, 525, (2022), or that the purpose of the VM was the suppression of religion or religious conduct. See Okwedy v. Molinari, 69 Fed. Appx. 482, 484 (2d Cir. 2003).

To prevail on a Free Exercise Clause claim, a plaintiff must establish "that the object of the [challenged law] is to infringe upon or restrict practices because of their religious motivation," or that its "purpose...is the suppression of religion or religious conduct.  It is not a violation of the Free Exercise Clause to enforce a generally applicable rule, policy or statute that burdens a religious practice as long as the government can 'demonstrate a rational basis for [the] enforcement' of the rule, policy or statute, and the burden is only an incidental effect, rather than the object, of the law."  See Okwedy, 69 F. App'x at 484 (citing Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 533 (1993)); see also Miller v. McDonald, 130 F.4th 258, 264 (2d Cir. 2025) ("the right of free exercise does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that religion prescribes (or proscribes)") (citations omitted).  "A neutral and generally applicable law's burden on religion is constitutional if the law passes the relatively low hurdle of rational basis review—that the state has chosen a means for addressing a legitimate government interest rationally related to achieving that goal."  Miller, 130 F.4th at 265.

The Amended Complaint alleges that Plaintiff does not challenge the VM, but only its application, arguing the VM was not generally applicable or neutral in its implementation.  See Am. Compl. ¶¶ 19, 38, 75, 77.  However, the Second Circuit has found the VM to be constitutional on its face, and that "in all its iterations, is neutral and generally applicable."  See Kane, 19 F.4th at 166; New Yorkers for Religious Liberty, Inc., 125 F.4th at 330-333.  As such, the VM must only, and easily does, survive rational basis review.  Here, as Courts have consistently recognized,

during the rapid spread of the COVID-19 pandemic, it was incumbent on the DOE to take steps to mitigate the health risks to its employees by requiring that all DOE employees be vaccinated against COVID-19.  See Marciano v. De Blasio, 589 F. Supp. 3d 423, 432, (S.D.N.Y. 2022). The VM was "a reasonable exercise of the State's power to act to protect the public health," and, consequently, survives rational basis review.  Kane, 19 F.4th at 166.

Plaintiff also fails to plead an as-applied Free Exercise claim.  None of Plaintiff's other overly broad, legally, and factually unsupported allegations in support of her Free Exercise claim plead non-conclusory "facts to suggest that the Citywide Panel preferred certain religions over others or was infected with religious animus," see New Yorkers for Religious Liberty, Inc., 125 F.4th at 332, or "more-than-conclusory allegation that the [Defendant's] finding of undue hardship was erroneous or pretextual."  See Hurley, 2025 U.S. Dist. LEXIS 188282 at *33 Am. Compl. ¶¶ 75-86 (allegations of discrimination, retaliation, disciplinary action in the form of an alleged "problem code" associated with Plaintiff's internal DOE file and suspension without pay, and attacking the Citywide Panel's undue hardship reasoning).  Plaintiff's single allegation of religious comparison inaccurately states that the September 10, 2021 Arbitration Award favored Christian Scientists and Jehovah's Witness practitioners when the Award "provided Christian Scientists as an example of recognized religious organizations… stating that religious exemption requests "must be documented in writing by a religious official (e.g., clergy)" and "shall be considered for recognized established religious organizations (e.g., Christian Scientists)").  Hurley, 2025 U.S. Dist. LEXIS 188282 at *24. As such, Plaintiff's Free Exercise claim fails and must be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that their Motion to Dismiss be granted, that Plaintiff's Amended Complaint be dismissed in its entirety and with prejudice, together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            December 17, 2025

                         **MURIEL GOODE-TRUFANT**
                         Corporation Counsel of the
                           City of New York
                         Attorney for Defendants
                         100 Church Street, Room 2-109(d)
                         New York, New York 10007-2601
                         (212) 356-2420
                         cmungavi@law.nyc.gov

                         By:    /s/ Craig A. Mungavin
                                Craig A. Mungavin
                                Assistant Corporation Counsel

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

WENDY TRUDO,

                                 Plaintiff,      No.  25-CV-01345 (HG)(LKE)

                  -against-

THE DEPARTMENT OF EDUCATION OF THE CITY
OF NEW YORK, MELISSA AVILES-RAMOS,
Chancellor; and Katherine Rodi, Director of Employee
Relations,

                                Defendants.
---------------------------------------------------------------------- x

        **Craig A. Mungavin**, an attorney duly admitted to practice before the United States

District Court for the Eastern District of New York, certifies pursuant to the Court's Order dated

December 3, 2025, that the total number of pages in the Memorandum of Law in Support of

Defendants' Motion to Dismiss the Amended Complaint, exclusive of the cover page, captions,

table of authorities, table of contents, and signature block, is 35 pages. Thus, the document

complies with the page limit set forth in the Court's Order dated December 3, 2025.


Dated:       New York, New York
             December 17, 2025


                        /s/ Craig A. Mungavin
                        Craig A. Mungavin
                        Assistant Corporation Counsel