*** Filed ***
06:33 AM, 20 Jan, 2026
U.S.D.C., Eastern District of New York

Exhibit
13

**From:** Paulson, Susan (Law)
**To:** Sujata Gibson; bblack@nelsonmaddenblack.com; Jonathan Nelson; Sarah Child
**Cc:** Dearing, Richard (Law); Slack, Devin (Law)
**Subject:** FW: Appeal Panel Decision Summaries
**Date:** Monday, December 13, 2021 4:27:15 PM

Counsel,

I am forwarding to you the below summaries of the reasons for the decisions on your clients' appeals, which I received at 3:02 p.m. from the Citywide Panel.

Susan

Susan Paulson
Senior Counsel | Appeals Division
New York City Law Department
100 Church Street
New York, New York 10007
(212) 356-0821 | spaulson@law.nyc.gov

The summaries of the reason for the decision in each appeal is below:

**APPEAL NO. 00004822, Sarah Buzaglo**

After carefully reviewing the documentation provided by all parties, the Citywide Appeal Panel has voted to AFFIRM the DOE's determination to deny Appellant Buzaglo's reasonable accommodation. The record before the Panel demonstrated that the employee's sincerely held religious beliefs, which the panel does not question, are not preventing the employee from vaccination. Rather, the appellant's decision not to vaccinate comes from non-religious sources: a belief that the mandate is unconstitutional – a legal contention that has been rejected by courts of competent jurisdiction -- and factual beliefs about the vaccination that conflicts with the factual findings of the DOHMH Commissioner in imposing the mandate.

Even assuming the appellant had established a valid basis for a reasonable accommodation, the panel believes the DOE has satisfied what is necessary under the law to demonstrate undue hardship. Appellant is a classroom teacher who, under the present circumstances, cannot physically be in the classroom while unvaccinated without presenting a risk to the vulnerable and still primarily unvaccinated student population. DOE has met its burden under the law that diverting the appellant from classroom duties constitutes an undue hardship.

**APPEAL NO. 00004823, Matthew Keil**

After carefully reviewing the documentation provided by all parties, the Citywide Appeal Panel has voted to AFFIRM the DOE's determination to deny Appellant Keil's reasonable accommodation. One panel member found that appellant articulated a sincerely held religious belief that precludes vaccination and be entitled to a reasonable accommodation if one did not present an undue

hardship. The others did not reach this issue because the panel determined that a religious accommodation cannot be granted because, even assuming a valid basis for a reasonable accommodation, the DOE has satisfied what is necessary under the law to demonstrate undue hardship. Appellant is a classroom teacher who, under the present circumstances, cannot physically be in the classroom while unvaccinated without presenting a risk to the vulnerable and still primarily unvaccinated student population. DOE has met its burden under the law that diverting the appellant from classroom duties constitutes an undue hardship.

**APPEAL NO. 00004824, Ingrid Romero**

After carefully reviewing the documentation provided by all parties, the Citywide Appeal Panel has voted to AFFIRM the DOE's determination to deny Appellant Romero's reasonable accommodation. The record before the Panel demonstrated that the employee's articulated religious beliefs do not appear to be the basis for the appellant's decision not to vaccinate in view of the fact that she has previously accepted comparable medical treatments. While the appellant claims that she changed her views three years ago, she points to no examples to demonstrate how she has acted on these changed beliefs outside the specific context of COVID-19 vaccines.

Even assuming the appellant had established a valid basis for a reasonable accommodation, the panel believes the DOE has satisfied what is necessary under the law to demonstrate undue hardship. Appellant is a classroom teacher who, under the present circumstances, cannot physically be in the classroom while unvaccinated without presenting a risk to the vulnerable and still primarily unvaccinated student population. DOE has met its burden under the law that diverting the appellant from classroom duties constitutes an undue hardship.

**APPEAL NO. 00004825, Heather Clark**

After carefully reviewing the documentation provided by all parties, the Citywide Appeal Panel has voted to AFFIRM the DOE's determination to deny Appellant Clark's reasonable accommodation. The record before the Panel demonstrated that the employee's sincerely held religious beliefs, which the panel does not question, are not preventing the employee from vaccination. Rather, the appellant's decision not to vaccinate comes from non-religious sources: a fact-based review of CDC information about the vaccine and concerns about vaccine efficacy. Supplemental questions further support the conclusion, at bottom, that the appellant is making fact-based choices about foods and medicines.

One panel member would also deny the reasonable accommodation on the grounds of undue hardship. One panel member believes appellant has sufficiently established a sincerely held religious belief that precludes vaccination, and would vote to grant the accommodation sought.

**APPEAL NO. 00004826, Robert Gladding**

After carefully reviewing the documentation provided by all parties, the Citywide Appeal Panel has voted to AFFIRM the DOE's determination to deny Appellant Gladding's reasonable accommodation. The record before the Panel demonstrated that the employee's sincerely held

religious beliefs, which the panel does not question, are not preventing the employee from vaccination. Indeed, the appellant explains his understanding of the religious doctrine articulated is that it is ultimately appellant's choice to take or abstain from food and medication based on his view of the facts and circumstances and his documentation from clergy likewise supports this understanding. In this case, appellant acknowledged he considered whether to take the vaccine and ultimately chose not to. The appellant is not entitled, under the law, to a reasonable accommodation concerning his personal, fact-based decision not to take the vaccine.

Even assuming the appellant had established a valid basis for a reasonable accommodation, the panel believes the DOE has satisfied what is necessary under the law to demonstrate undue hardship. Appellant is a classroom teacher who, under the present circumstances, cannot physically be in the classroom while unvaccinated without presenting a risk to the vulnerable and still primarily unvaccinated student population. DOE has met its burden under the law that diverting the appellant from classroom duties constitutes an undue hardship.

**APPEAL NO. 00004827, Michael Kane**

After carefully reviewing the documentation provided by all parties, the Citywide Appeal Panel has voted to AFFIRM the DOE's determination to deny Appellant Kane's reasonable accommodation. The record before the Panel demonstrated that the employee's sincerely held religious beliefs, which the panel does not question, are not preventing the employee from vaccination. Indeed, the appellant explains his understanding of the religious doctrine articulated is that it is ultimately appellant's choice to take or abstain from food and medication based on his factual determination as to whether he considers the item to contain pollutants. Appellant, despite being given an opportunity to do so, did not list any substances that fall into this category. The appellant is not entitled, under the law, to a reasonable accommodation concerning his personal, fact-based decision not to take the vaccine.

Even assuming the appellant had established a valid basis for a reasonable accommodation, the panel believes the DOE has satisfied what is necessary under the law to demonstrate undue hardship. Appellant is a classroom teacher who, under the present circumstances, cannot physically be in the classroom while unvaccinated without presenting a risk to the vulnerable and still primarily unvaccinated student population. DOE has met its burden under the law that diverting the appellant from classroom duties constitutes an undue hardship.

**APPEAL NO. 00004828, Stephanie DiCapua**

After carefully reviewing the documentation provided by all parties, the Citywide Appeal Panel has voted to AFFIRM the DOE's determination to deny Appellant DiCapua's reasonable accommodation. The record before the Panel demonstrated that the employee's sincerely held religious beliefs, which the panel does not question, are not preventing the employee from vaccination. Rather, it appears the employee's decision to refuse vaccination is based on her factual views of the COVID-19 mandate and vaccine. The employee did not provide, beyond the most general response, any examples of other medications or specific vaccines she has refused due to her articulated religious belief.

Even assuming the appellant had established a valid basis for a reasonable accommodation, the panel believes the DOE has satisfied what is necessary under the law to demonstrate undue hardship. Appellant is a classroom teacher who, under the present circumstances, cannot physically be in the classroom while unvaccinated without presenting a risk to the vulnerable and still primarily unvaccinated student population. DOE has met its burden under the law that diverting the appellant from classroom duties constitutes an undue hardship.

**APPEAL NO. 00004829, Nwakaego Nwaifejokwu**

After carefully reviewing the documentation provided by all parties, the Citywide Appeal Panel has voted to AFFIRM the DOE's determination to deny Appellant Nwaifejokwu's reasonable accommodation. The record before the Panel demonstrated that the employee holds sincerely held religious beliefs sufficient to justify a reasonable accommodation if such accommodation did not present an undue hardship. However, the panel believes the DOE has successfully demonstrated that an accommodation, in appellant's case, would create an undue hardship if granted. Appellant is a classroom teacher who, under the present circumstances, cannot physically be in the classroom while unvaccinated without presenting a risk to the vulnerable and still primarily unvaccinated student population.

**APPEAL NO. 00004830, Sasha Delgado**

After carefully reviewing the documentation provided by all parties, the Citywide Appeal Panel has voted to AFFIRM the DOE's determination to deny Appellant Delgado's reasonable accommodation. The record before the Panel demonstrated facts that cast doubt on appellant's claim that the religious belief she articulated would preclude her from vaccination. While appellant said she would abstain from other medication should she learn similar things about its development, the only medication in which appellant seems to have had sufficient concern to research whether it was tested on such cells is the COVID-19 vaccine. Indeed, appellant suggests that she may have taken similar medications in the past based on the "belief" that they were not tested on fetal cells. These responses strongly indicate appellant is taking a different approach with respect to the COVID-19 vaccine than she does in analogous circumstances.

Even assuming the appellant had established a valid basis for a reasonable accommodation, the panel believes the DOE has satisfied what is necessary under the law to demonstrate undue hardship. Appellant is a classroom teacher who, under the present circumstances, cannot physically be in the classroom while unvaccinated without presenting a risk to the vulnerable and still primarily unvaccinated student population. DOE has met its burden under the law that diverting the appellant from classroom duties constitutes an undue hardship.

**APPEAL NO. 00004831, Margaret Chu**

After carefully reviewing the documentation provided by all parties, the Citywide Appeal Panel has voted to AFFIRM the DOE's determination to deny Appellant Chu's reasonable accommodation. The record before the Panel demonstrated that the employee's sincerely held religious beliefs, which the

panel does not question, are not preventing the employee from vaccination. Indeed, the religious doctrine articulated provides, ultimately, for appellant to choose to take or abstain from vaccination based on her view of the facts and circumstances. The appellant is not entitled, under the law, to a reasonable accommodation concerning her personal, fact-based decision not to take the vaccine.

Even assuming the appellant had established a valid basis for a reasonable accommodation, the panel believes the DOE has satisfied what is necessary under the law to demonstrate undue hardship. Appellant is a classroom teacher who, under the present circumstances, cannot physically be in the classroom while unvaccinated without presenting a risk to the vulnerable and still primarily unvaccinated student population. DOE has met its burden under the law that diverting the appellant from classroom duties constitutes an undue hardship.

**APPEAL NO. 00004832, John Deluca**

After carefully reviewing the documentation provided by all parties, the Citywide Appeal Panel has voted to AFFIRM the DOE's determination to deny Appellant Deluca's reasonable accommodation. The record before the Panel demonstrated that the employee holds sincerely held religious beliefs sufficient to justify a reasonable accommodation if such accommodation did not present an undue hardship. However, the panel believes the DOE has successfully demonstrated that an accommodation, in appellant's case, would create an undue hardship if granted. Appellant is a classroom teacher who, under the present circumstances, cannot physically be in the classroom while unvaccinated without presenting a risk to the vulnerable and still primarily unvaccinated student population.

**APPEAL NO. 00004833, William Castro**

After carefully reviewing the documentation provided by all parties, the Citywide Appeal Panel has voted to REVERSE the DOE's determination and grant Appellant Castro's reasonable accommodation. The record before the Panel demonstrated, to the satisfaction of two panel members, that the employee has sufficiently established that he holds sincerely held religious beliefs, of which he and his family have consistently adhered to, that require appellant to abstain from vaccination. The other panel member would deny the accommodation on the ground that that the record demonstrates the appellant's choice not to vaccinate is a result of his personal decision, not a religious practice or belief.

The record is unclear whether the DOE denied appellant's accommodation because it believed the accommodation presented an undue hardship. In any event, the DOE did not respond to the panel's request for specific details about such an argument if it did. However, we note that, as part of the accommodation, the DOE may, if it so chooses, reassign appellant to a non-classroom position in order to comply with the Health Commissioner's mandate that unvaccinated individuals should not be present in schools or around children.

**APPEAL NO. 00004834, Trinidad Smith**

After carefully reviewing the documentation provided by all parties, the Citywide Appeal Panel has

voted to AFFIRM the DOE's determination to deny Appellant Smith's reasonable accommodation. The record before the Panel demonstrated that the employee's sincerely held religious beliefs, which the panel does not question, are not preventing the employee from vaccination. Indeed, the appellant, in his documentation, refused to rule out use of such medications if ultimately it was a necessary medical intervention for him instead noting, thus far, he has had no such occasions to require medication and had not previously been vaccinated.

Even assuming the appellant had established a valid basis for a reasonable accommodation, the panel believes the DOE has satisfied what is necessary under the law to demonstrate undue hardship. Appellant is a classroom teacher who, under the present circumstances, cannot physically be in the classroom while unvaccinated without presenting a risk to the vulnerable and still primarily unvaccinated student population. DOE has met its burden under the law that diverting the appellant from classroom duties constitutes an undue hardship.

**APPEAL NO. 00004835, Dennis Strk**

After carefully reviewing the documentation provided by all parties, the Citywide Appeal Panel has voted to AFFIRM the DOE's determination to deny Appellant Strk's reasonable accommodation. The record before the Panel demonstrated facts that cast doubt on appellant's claim that the religious belief he articulated would preclude him from vaccination. Specifically, appellant's responses are equivocal with regard to how acts on the articulated belief outside of the specific context of COVID-19 vaccination. For example, appellant does not deny using medications that are tested on fetal cell lines, only that he tends to "avoid" them and pursue alternatives if available. The submissions demonstrate the appellant is making a fact-based decision concerning vaccination and, in doing so, relying on incorrect facts regarding COVID-19 vaccines, such as that all COVID vaccines contain fetal cells.

Even assuming the appellant had established a valid basis for a reasonable accommodation, the panel believes the DOE has satisfied what is necessary under the law to demonstrate undue hardship. Appellant is a classroom teacher who, under the present circumstances, cannot physically be in the classroom while unvaccinated without presenting a risk to the vulnerable and still primarily unvaccinated student population. DOE has met its burden under the law that diverting the appellant from classroom duties constitutes an undue hardship.

Exhibit
14

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Andrea M. Martin**
*Assistant Corporation Counsel*
Telephone: (212) 356-3549
E-mail: andmarti@law.nyc.gov
*Email not for service*

November 18, 2025

**VIA ECF**
Magistrate Judge Vera Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Masciarelli v. New York City Department of Education
No. 22-Cv-7553

Dear Magistrate Judge Scanlon:

We represent Defendant New York City Department of Education ("DOE" or "Defendant") in the above-referenced action. In accordance with the Court's Order dated November 17, 2025 (ECF Dkt No. 75), Defendant respectfully submits this letter to provide additional context and address the points raised in the Court's October 15, 2025 Order prior to the November 20, 2025 oral argument concerning Plaintiff's motion to compel (ECF Dkt. No. 73). For the reasons set forth below, as well as in Defendant's opposition to Plaintiff's motion to compel (ECF Dkt. No. 75), the motion should be denied in its entirety.

The Court's October 15, 2025 Order directed the parties to be prepared to discuss the following: (1) whether any of the private arbitration decisions are within Defendant's custody and control; (2) the impact that any confidentiality provisions involved in the private arbitrations have on Plaintiff's request; and (3) whether the Citywide Appeals Panel decisions are subject to any confidentiality agreements and, if so, the impact of those agreements on Plaintiff's request. Those points are addressed herein.

**1. The Private Arbitration Decisions Are Not Within Defendant's Exclusive Custody and Control**

As a general matter, the private arbitration decisions Plaintiff seeks are not within Defendant's exclusive custody or control. These decisions were issued in confidential proceedings governed by independent arbitration agreements between the City of New York (the "City") and Scheinman Arbitrations and Mediation Services ("SAMS"), a non-party to this case. Defendant does not possess, maintain, or control the entirety of those records. SAMS occasionally, but not

consistently, provided Defendant with its decisions to notify Defendant of results in certain discrete arbitrations. A party cannot be compelled to produce documents it neither controls nor has authority to access. See Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130 (2d Cir. 2007) ("[A] party is not obliged to produce . . . documents that it does not possess or cannot obtain.")

Applying that standard here, Defendant should not be compelled to produce the SAMS arbitration decisions not within its exclusive custody and control.

**2. Judge Bulsara Already Determined That The Private Arbitration Decisions Must Remain Confidential**

Even if the private arbitration decisions were in Defendant's custody and control, Plaintiff's motion must be rejected because well-established case law and strong public policy concerns dictate that those decisions must remain confidential. First, arbitrators are required to maintain the confidentiality of all arbitration proceedings.[1] The Alternative Dispute Resolution Act, 28 U.S.C. § 652, on its face, instructs federal district courts to adopt local rules to apply confidentiality in their dispute resolution programs. Importantly, courts have been instructed to "provide for the confidentiality of the alternative dispute resolution processes and prohibit disclosure of confidential dispute resolution communications." 28 U.S.C. § 652(d).

Second, Plaintif has already moved to compel non-party SAMS to produce the arbitration decisions, (ECF Dkt No. 53), and Judge Sanket J. Bulsara denied Plaintiff's motion in its entirety on August 6, 2024, ruling that the decisions are confidential and Plaintiff had not met her burden to compel their production. See ECF Minute Entry and Order dated August 6, 2024. Plaintiff's prior motion to compel sought the same confidential decisions Plaintiff seeks here, based on the same erroneous reasoning of an alleged numerical discrepancy. See ECF Dkt. No. 53. As such, the law of the case doctrine dictates that Plaintiff's renewed request should be denied. See United States v. Quintieri, 306 F.3d 1217, 1225 (2d Cir. 2002) (The law of the case doctrine commands that "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case" unless "cogent and compelling reasons militate otherwise.").

Courts in the Eastern District of New York, including Judge Bulsara in this matter, have previously held that the type of material being sought here, namely private arbitration decisions from a third party conducted pursuant to a confidentiality agreement, are routinely recognized as confidential and sensitive. "A party seeking disclosure of confidential mediation communications must demonstrate (1) a special need for the confidential material, (2) resulting unfairness from a lack of discovery, and (3) that the need for the evidence outweighs the interest in maintaining confidentiality." Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53, 58 (2d Cir. 2011). "All three factors are necessary to warrant disclosure of otherwise non-discoverable documents." Id. In Teligent, the Second Circuit made this point clear, explaining that "[c]onfidentiality is an important feature of the mediation and other alternative dispute resolution processes." In re Teligent, 640 F.3d at 57; see also Bernard v. Galen Group, Inc., 901 F. Supp. 778 at 57 (S.D.N.Y. 1995). Moreover, the Teligent court "vigorously enforce[d] the confidentiality

[1] Rule 23 of the American Arbitration Association (AAA) states "[t]he arbitrator and the AAA shall maintain the privacy of the hearings unless the law provides otherwise."

provisions of [their] own alternative dispute resolution . . . because [the court] believe[s] that confidentiality is essential." Id. at 58 (internal citation omitted). The court explained that "if participants cannot rely on the confidential treatment of everything that transpires during [mediations] then counsel of necessity will feel constrained to conduct themselves in a cautious, tight-lipped, non-committal manner more suitable to poker players in a high-stakes game than to adversaries attempting to arrive at a just resolution of a civil dispute." Bernard, 901 F. Supp. at 784 (citing Lake Utopia Paper Ltd. v. Connelly Containers, Inc., 608 F.2d 928, 930 (2d Cir. 1979)). The state and federal courts of this jurisdiction have held that New York's pervasive public policy of endorsing and enforcing the confidentiality of alternative dispute resolution procedures, and protecting the neutral from discovery can scarcely be debated. Id.

In light of this well-established law, Judge Bulsara previously denied Plaintiff's motion to compel SAMS to produce the private arbitration decisions of non-parties to this litigation because such material is confidential and Plaintiff failed to meet the standards outlined by the Second Circuit in In re Teligent. See ECF Dkt No. 60, Transcript of Proceedings held on August 6, 2024 Specifically, Judge Bulsara determined that, "when seeking documents that have been made confidential and you are a third party, there's a separate and more exacting standard in order to get discovery of those documents.... those standards aren't even articulated in the motion, let alone met, and that's an independent basis to deny the motion to compel". See ECF Dkt No. 60, at 8-9. Accordingly, the Court should not disturb Judge Bulsara's prior finding and should instead preserve the integrity of the ADR system by maintaining the confidentiality protections that have long governed these materials.

3. **The Citywide Panel Decisions Must Remain Confidential Pursuant to Law, Policy, and Practice**

Plaintiff also seeks confidential documents from the Citywide Appeals Panel, also a non-party to this action. See ECF Dkt. No. 73. However, the City of New York mandates that agencies keep records related to all accommodation requests – including those reviewed by the Citywide Appeals Panel - confidential. See City of New York Reasonable Accommodation Procedural Guidelines 2024, attached hereto as Exhibit A at 30 ("All information, including a statement of the person requesting a reasonable accommodation or any other related documentation, record, and the fact that the individual has requested or obtained a reasonable accommodation, must be maintained as confidential records by the agency to the extent required by applicable federal, state, or local law.") This requirement applies not only to the initial agency-level review, but also to all subsequent stages of the accommodations process, including the Citywide Appeals Panel. As such, this directly addresses Your Honor's Point II regarding whether the Citywide Appeals Panel decisions are subject to any confidentiality agreements and, if so, the impact of those agreements on Plaintiff's request.

As the City's Reasonable Accommodation policy makes explicit, access to such information is strictly restricted. See Exhibit A at 30. Consistent with this mandate, the vaccine appeals database was intentionally designed so that the ability to access or download any data submitted by employees was severely restricted, reflecting the City's understanding that the entirety of these requests must be kept confidential and handled with heightened sensitivity. See id. To publicly disclose information surrounding DOE employees' accommodation requests would violate the City's own legally mandated confidentiality procedures and undermine the integrity of

the entire accommodation process, which depends on employees being assured that sensitive medical and religious information will be protected.

In sum, both federal law, City policy and practice require that all reasonable accommodation requests submitted to City agencies be maintained as confidential. Thus, Defendant is not merely choosing to withhold private arbitration and Citywide Appeals Panel decisions, it is obligated to do so.

Accordingly, for the reasons set forth above, Plaintiff's motion to compel should be denied in its entirety.

Respectfully Submitted,
s/Andrea M. Martin
Assistant Corporation Counsel

cc: Counsel of Record (via ECF)

Exhibit 15

SCHEINMAN
ARBITRATION & MEDIATION SERVICES

June 27, 2022

**Via E-Mail Only**
Liz Vladeck, Esq.
New York City Department of Education
Office of the General Counsel
52 Chambers Street, Room 308
New York, NY 10007

Alan M. Klinger, Esq.
Stroock & Stroock & Lavan, L.L.P.
180 Maiden Lane, 33rd Floor
New York, NY 10038

Michael Mulgrew, President
Beth Norton, Esq.
United Federation of Teachers
52 Broadway, 14th Floor
New York, NY 10004

**Re: Board of Education of the City School District of the City of New York and United Federation of Teachers, Local 2, AFT, AFL-CIO (Proof of Vaccination)**

Dear Counsel:

Enclosed please find my Opinion and Award in the above referenced matter.

I have also enclosed my bill for services rendered.

Thank you.

Sincerely,
Martin F. Scheinman

MFS/sk
NYCDOE.UFT.proof of vaccination.trans

322 Main Street ◆ Port Washington, NY 11050 ◆ 516.944.1700 ◆ fax: 516.944.1771 ◆ www.ScheinmanNeutrals.com

FILED: NEW YORK COUNTY CLERK 07/01/2022 01:35 PM INDEX NO. 155220/2022


---------------------------------- X
In the Matter of the Arbitration X

between X

BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK X

"Department" X

-and- X

UNITED FEDERATION OF TEACHERS, LOCAL 2, AFT, AFL-CIO X

"Union" X

---------------------------------- X

Re: Proof of Vaccination

**APPEARANCES**

**For the Department**
Liz Vladeck, General Counsel

**For the Union**
STROOCK & STROOCK & LAVAN, L.L.P.
Alan M. Klinger, Esq.

Beth Norton, Esq., UFT General Counsel
Michael Mulgrew, UFT President

**BEFORE:** Martin F. Scheinman, Esq., Arbitrator

FILED: NEW YORK COUNTY CLERK 07/01/2022 01:35 PM
NYSCEF DOC. NO. 31
INDEX NO. 155220/2022
RECEIVED NYSCEF: 07/01/2022

**BACKGROUND**

The Union protests the Department's decision to summarily place approximately eighty two (82) Department employees on leave without pay, with benefits, effective April 25, 2022. This action was based upon information the Department received from a separate investigative agency these employees' proof of COVID-19 vaccination was allegedly fraudulent. The Union contends the issue of whether the Department's action is proper and falls within the scope of my September 10, 2021, Award ("Award").

Most of the basic facts are not in dispute.

In July 2021, former Mayor de Blasio announced a "Vaccine-or-Test" mandate which required the City workforce, including the educators, to either be vaccinated or undergo weekly testing for the Covid-19 virus effective September 13, 2021. Thereafter, on August 23, 2021, Mayor de Blasio and the New York City Commissioner of Health and Mental Hygiene, David A. Chokshi, MD, announced a new policy for those workforces in Department buildings. Those employees would be subject to a "Vaccine Only" mandate. That is, such employees would need to show by September 27, 2021, they had at least started the vaccination protocol or would not be allowed onto Department premises, would not be paid for work and would be at risk of loss of job and benefits.

This mandate was reflected in an Order of Commissioner Chokshi, dated August 24, 2021. That Order, by its terms, did not expressly provide for exceptions or accommodations for those with medical contraindications to vaccination or sincerely-held religious objections to inoculation. Nor did it address matters of due process with regard to job and benefits protection.

The Union promptly sought to bargain the impact and implementation of the Vaccine Only mandate. The parties had a number of discussions, but important matters remained unresolved.

On September 1, 2021, the UFT filed a Declaration of Impasse with the Public Employment Relations Board ("PERB") as to material matters. The Department did not challenge the statement of impasse and PERB appointed me to mediate the matters. Mediation sessions were held immediately on September 2, 3, 4 and 5, 2021, with some days having multiple sessions. Progress was made, and certain tentative understandings were reached, but significant matters remained unresolved. By agreement of the parties, the process moved to arbitration. They asked I serve as arbitrator.

Arbitration sessions were then held. On September 10, 2021, I issued an Award which set forth a detailed procedure to be followed in the cases of employees who sought an exemption to the Vaccination Mandate based on a medical condition or religious reasons.

In accordance with the procedure set forth in my Award, employee requests for an exemption were initially submitted to the Department along with any supporting documentation. An employee wishing to appeal an adverse determination by the Department was given the opportunity to appear at a hearing before an impartial arbitrator who was authorized to render a final and binding decision. Approximately five hundred (500) appeals were determined by the arbitration process. Pending the arbitrator's decision, the employee could not be removed from the payroll.

On April 19, 2022, the Department informed approximately eight two (82) employees they were being placed on leave without pay, with benefits, effective April 25, 2022, based on allegations their proof of COVID-19 vaccination was fraudulent. The employees were told they could contact the Department if they believed the allegation they submitted fraudulent proof of vaccination was wrong. On April 21, 2022, the Union wrote the Department and demanded it rescind its decision to remove these employees from the payroll without the benefit of a due process hearing.

By letter dated April 22, 2022, the Department set forth its position placement of these employees on a leave without pay status did not constitute discipline, and, therefore, did not implicate the disciplinary procedures set forth in the Education Law or the parties' Collective Bargaining Agreement ("Agreement").

INDEX NO. 155220/2022


Thereafter, by letter dated May 3, 2022, the Union wrote to me requesting I take jurisdiction over this dispute. The Union cited to that portion of the Award which states "should either party have reason to believe the process set forth herein, is not being implemented in good faith, it may bring a claim directly to SAMS for expedited resolution".

By letter dated May 4, 2022, the Department wrote in opposition to the Union's May 3, 2022, letter. The Department stated it was in full compliance with my Award, as well as the Agreement and applicable law. The Department also insisted this matter was not properly before me.

On May 4, 2022, I conducted a conference call with the parties. At that time, each side was given the opportunity to argue their positions.

Thereafter, on May 6, 2022, the Union submitted further argument in support of its position. The Department responded in a letter dated May 10, 2022.

Upon my receipt of the parties' written submissions, I closed the record.

## DISCUSSION AND FINDINGS

**The Issues:**

The basic issues to be decided are as follows:

1. Is the Department's decision to place the approximately eighty two (82) employees on leave without pay, with benefits, subject to my jurisdiction pursuant to the September 10, 2021, Award?

2. If so, what shall be the remedy?

**Position of the Parties**

The Department insists the facts of circumstances regarding its placement of the eighty two (82) employees on leave without pay, with benefits, is not within my jurisdiction pursuant to the Award. According to the Department, the Award sets forth an expedited process to review Department employees' requests for exemptions and accommodations from the August 21, 2021, mandate to submit proof of COVID-19 vaccination by September 29, 2021. The Department maintains the requests for an exemption or accommodation were limited to medical and religious grounds. It contends no other issue is covered by the Award.

The Department contends it placed the employees on a leave without pay status as a result of the Department's receipt of information from a law enforcement agency the employees in question submitted fraudulent proof of vaccination in order to comply with Commissioner Chokshi's order which required vaccination of all Department staff.

According to the Department, the Courts have held compliance with the Commissioner Chokshi's Order is a "condition of

INDEX NO. 155220/2022
FILED: NEW YORK COUNTY CLERK 07/01/2022 01:35 PM

INDEX NO. 155220/2022


employment". The Department maintains this situation is no different to the Department's unilateral action against an employee who is not certified. As such, the Department maintains placing employees on leave without pay for failing to comply with the Commissioner Chokshi's Order comports with applicable due process procedures as long as notice is given, and the employee has an opportunity to respond. In support of its position the Department cites Broecker v. N.Y. Dep't of Educ., 21-CV-6387, 2022 WL 426113 at *7-8 (E.D.N.Y. Feb. 11, 2022); and N.Y. City Mun. Labor Comm. V. City of New York, 151169/2022 (Sup. Ct. N.Y. County Apr. 21, 2022).

The Department argues employees who are identified in connection with a law enforcement investigation into the submission of fraudulent vaccination cards are outside the scope of the Award. Furthermore, the Department insists the Award's reference to a party's failure to implement the process does not apply to the facts and circumstances presented, here. According to the Department, the language relied upon by the Union refers specifically to the "administrative process for the review and determination of requests for religious and medical exemptions to the mandatory vaccination policy and accommodation requests where the requested accommodation is the employee not appear at school". The Department asserts since that process is not at issue, here, the Union's claim is misplaced.

For the reasons set forth above, the Department contends the Union's request for relief pursuant to the Award must be denied.

The Union, on the other hand, argues the Department's decision to place these employees on leave without pay, with benefits, is predicated on the Award. It insists this matter is subject to my continued jurisdiction. The Union asserts the Agreement prohibits an employee from being removed from the payroll without establishing probable cause in a due process hearing. [1]

The Union maintains the Department's contention this situation is akin to the removal of an uncertified employee is misplaced. According to the Union, approval of certification is issued by the State. In addition, the Union insists an employee is either certified by the State or is not, there is no underlying question of fact to be determined. The Union asserts if an employee proves they have completed all of the necessary paperwork, but they are not yet certified, they will not be terminated.

The Union urges in this instance the Department made a unilateral decision to place the employees on leave, without pay, based solely on a communication from another agency the employees were not vaccinated. The Union contends the Department has no direct knowledge of whether that assertion is true or false.

[1] There are limited exceptions to this procedure which are inapposite.

According to the Union, the Department removed the employees from the payroll and subsequently allowed them to provide additional evidence they are vaccinated. The Union maintains as of May 6, 2022, employees who have contacted the Department asserting they have been placed on leave without pay in error have not received any response, yet they remain suspended without pay.

The Union asserts the only authority for the Department to place employees on leave without pay, with benefits, is the Award. It contends the Department is improperly invoking the Award, and the action cannot be taken until the dispute concerning their vaccination status is determined through the Award's stated process.

In short, the Union argues the Department's unilateral decision to place employees on leave without pay, with benefits, based on the communication from another agency the employees are not vaccinated falls within the jurisdiction of the Award.

**Opinion**

Certain preliminary comments are appropriate. As an arbitrator my role is a limited one. In order for me to determine whether I can assert jurisdiction over the Department's actions as alleged by the Union, I am limited by the language of the Award. If the Award is clear, I must enforce it according to its plain meaning.

With these principles in mind, I turn to the facts presented.

I find I have jurisdiction to consider this matter. While the Department claims its action is unconnected with the Award, it is the Award itself that created a new leave without pay. Absent the Award, the Department was without the authority to remove these employees from the payroll without providing a due process hearing.

Leave without pay is an unusual outcome. Yet, I decided it was appropriate for employees whose requests for a medical or religious exemption were denied. This is because such employees intentionally decided to disregard the mandate they be vaccinated by September 27, 2021, the date established by Commissioner Chokshi and Mayor de Blasio.

Implicit in such a designation of leave without pay is the individual failed to comply with the vaccine mandate. Here, there is a dispute whether the employees did or did not comply. Without that being assessed, or at least submitting evidence to show a high likelihood of non-compliance, the predicate for placing an employee on leave without pay does not exist.

The Department's decision to automatically place these employees on leave without pay is inconsistent with the language and underpinnings of my Award. Nothing in the Award grants the Department such use of leave without pay status.

INDEX NO. 155220/2022


Based upon the above, I find the Department failed to properly implement the due process protections of my Award. The Union has the right to assert the Department's process "is not implemented in good faith." To be clear, nothing in my Award was intended to abrogate any due process rights the parties otherwise maintained with regard to employment status.

I also disagree with the Department's position the court decisions it cites support the removal of these employees from pay status without a hearing. Those court decisions confronted an entirely different factual scenario. Unlike this matter, in those cited cases, there was no claim the employees at issue were vaccinated.

In denying the request for a preliminary injunction, Justice Kim, in NYC Municipal Labor Committee, supra., specifically found the absence of that factual issue in her determination. Here, of course, the employees assert they are in fact vaccinated. This raises a factual issue that is ripe for adjudication pursuant to my Award.

Based on the reasons set forth above, I take jurisdiction over the Department's placement of the approximately eighty two (82) employees placed on leave without pay, with benefits. The parties shall meet within seven (7) calendar days of the date of this Award to attempt to agree on a procedure to review an

FILED: NEW YORK COUNTY CLERK 07/01/2022 01:35 PM

INDEX NO. 155220/2022


employee's claim they have submitted proof of vaccination. If the parties are unable to agree on such a procedure, I shall immediately schedule a hearing and issue an expedited Award establishing the proper protocol to provide the employees the appropriate due process procedure.

**AWARD**

1. Pursuant to Section 1L of my Award dated September 10, 2021, I shall assume jurisdiction over the Department's decision to place eighty two (82) employees on leave without pay, with benefits, effective April 25, 2022.

2. The parties shall meet within seven (7) calendar days of the date of this Award to attempt to agree on a procedure to review an employee's claim they have submitted proof of vaccination. If the parties are unable to agree on such a procedure, I shall immediately schedule a hearing and issue an expedited Award establishing the proper protocol to provide the employees the appropriate due process procedure.

June 27 , 2022.

Martin F. Scheinman, Esq.
Arbitrator

STATE OF NEW YORK )
) ss.:
COUNTY OF NASSAU )

I, MARTIN F. SCHEINMAN, ESQ., do hereby affirm upon my oath as Arbitrator that I am the individual described herein and who executed this instrument, which is my Award.

June 27 , 2022.

Martin F. Scheinman, Esq.
Arbitrator

DOE.UFT.CHIARA.NAKASHIAN.AWD