*** Filed ***
06:36 AM, 20 Jan, 2026
U.S.D.C., Eastern District of New York

# Exhibit 16

UNITED STATES DISTRICT COURT EASTERN
DISTRICT OF NEW YORK

__________________________________________x

**JADENAE TRABACCHI,**

Plaintiff **DOCKET NO. 24-CV-6123 (RPK) (TAM)**

**-against –**

**THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, DAVID BANKS, Chancellor; and KATHERINE RODI, Director of Employee Relations,**

Defendants

__________________________________________x

STATE OF NEW YORK)
SS.:
COUNTY OF NEW YORK

## AFFIDAVIT OF BETSY COMBIER

I, BETSY COMBIER, affirm under the penalties of perjury under the laws of the State of New York that the following is true and may be filed in a court of law:

1. My name is Betsy Combier, and I am the President and lead paralegal/workplace investigator of Advocatz, a consulting business for people who need a partner as they go through the Courts, grievances, or life problems.

2. Since 2004 I have been working on exposing how the "Problem Code" is placed onto the

personnel files of NYC DOE employees without just or probable cause, depriving the employee of Constitutional due process.

3. My research into the Problem Code and the secret manipulation and deprivation of rights by the New York City Department of Education has led me to conclude that the process of employees being problem coded has no justification under any law, rule or regulation.

4. The Plaintiff in the case cited above asked for my assistance after New York City Law Department Attorneys Kathleen Linnane (who has since left the Corporation Counsel and now works for Paduano & Weintraub located at 1251 Avenue of the Americas, N.Y., N.Y. 10020) and Attorney Brigid Lynn filed a Motion To Dismiss in the Court on 11/15/24 in which they argued that Defendant Katherine Rodi must be dismissed from the case because she was *never served.* Yet the Docket of the case on PACER.gov (#7) clearly shows the notarized, stamped and filed Summons served on Kathleen Rodi on 9/24/24 at 100 Church Street in Manhattan. This is the correct place to serve Ms. Rodi since at least 2018.

5. Ms. Linnane and Ms. Lynn wrote in their Motion To Dismiss that Ms. Rodi cannot be served at the City Law Department at 100 Church Street. This was a lie, and both Attorneys were well aware of making this up due to their inability to justify Defendant Rodi's actions, namely placing every unvaccinated DOE employee on the Problem Code on October 4, 2021. However, Magistrate Judge Taryn A. Merkl bought the bait in her Report and Recommendation and questioned the service. This Affidavit addresses these actions and supports the Plaintiff's Complaint and service as lawful and correct.

6. The Problem Code is visible to anyone who nominates any DOE employee for a job,

who is a payroll secretary or manages salaries for a school or vendor, and anyone else who knows where to look in the codes available in the DOE database. The DOE will fight to say this is not true, because the way that the Problem Code is placed on all employees who get a letter to file (which cannot be grieved) is a violation of the 14th Amendment and its' promise of due process.

7. The DOE has never been able to come up with a good, lawful reason to permanently scar a person's career without a hearing (assuming this person was not convicted in any criminal proceeding). I cannot find one either.

8. I am an Expert Witness on the Problem Code, Education Law §3020-a arbitration, and Section 913 evaluations, and respectfully submit this AFFIDAVIT in support of the Plaintiff's Amended Complaint submitted to the Court holding Jurisdiction over this case in the Eastern District of New York.

9. I know the facts stated herein to be true based upon my personal knowledge and upon my review of the files of hundreds of my clients whom I have represented in proceedings with the New York City Department of Education ("DOE"), except for statements which are made on information and belief and, as to those, I verily believe them.

10. I uncovered what became known as the "Problem Code" when I filed a Freedom of Information request with the DOE for names of employees and reasons for them being listed in the Monitoring Unit database in 2004. I was denied access because all the employees were listed only by their social security numbers, which I was forbidden to see. See my articles on Parentadvocates.org:

**The New York City Department of Education's "Problem Code" is an Unlawful Flag On Employee's Fingerprints**
https://www.parentadvocates.org/index.cfm?fuseaction=article&articleID=8884

**In NYC the Absent Teacher Reserve and The Rubber Room Are Both Strategies For Unlawful Denial of Tenure Job Protections (2021)**

https://www.parentadvocates.org/index.cfm?fuseaction=article&articleID=8958

and on my website Advocatz.com:

**The New York City Department of Education, UFT, Problem Code, and Perpetual Fog Machine Continue To Prevent Unvaxxed Employees From Working**

https://advocatz.com/2023/02/12/the-new-york-city-department-of-education-problem-code-continues-to-prevent-unvaxxed-employees-from-working/

11. I worked as a union Special Representative under UFT Presidents Randi Weingarten and Michael Mulgrew from 2007-2010 and told members about the problem code as well as whether they were coded or not. The Problem Code of members was easily available to us, and I became the person who was called about it. I answered every call, but left the UFT when it became obvious to me that my help on this issue, as well as others, was not highly regarded by the people at the top level of the UFT.

12. As an Expert witness on the Problem Code, I have made myself available to assist DOE employees as they pursue clearing their name and overturning a wrongful termination.

13. Since February 8, 2022 I have been writing and publishing stories on Advocatz.com about the unlawful termination of unvaccinated municipal workers in New York City, and about the DOE placing unvaccinated employees onto the "Problem Code" database on October 4, 2021 after they dared to challenge the experimental COVID Vaccine Mandate (CVM).

14. On April 22, 2022 I received an email from a teacher who was unvaccinated and this email had truly shocking information. The email was sent to her by DOE employee Eric Amato. In his email, Mr. Amato wrote:

> "PR = Problem code – Problem code was added to all employees who were placed on 2VM vaccine mandate leave. It was placed there the day you went on the leave. Our central offices placed this code on all employees who went on the leave. It will be removed once you are eligible to return to work.
>
> Thanks,
> Eric"

See my Declaration: **Betsy Combier declaration** in my articles above and here:

2022-6-3-doc-168-1-declaration-of-black-in-supp-exhb-1

My Declaration was filed in the cases of Kane v De Blasio et al., (21-CV-7863) and Keil v City of New York et al. (21-CV-8773), on June 3, 2022 (Docket 168-1).

15. Mr. Amato left his employment with the DOE soon after he sent the email.

16. After the Problem Code was exposed, the planned hoax by the DOE and Unions in New York City to fire as many permanent/tenured employees as possible started unraveling. The goal of a mass layoff of permanent or tenured municipal workers and educators fell apart. There was never a just cause for the thousands of people who lost everything, but here is where the following slogans come in handy: "Knowledge is power", and "You can fool some of the people all of the time, and all of the people some of the time, but you cannot fool all of the people all of the time". Most people contribute the second slogan to President Abraham Lincoln.

**UPDATE: Educators Accused of Submitting Fake Vaccination Cards Win Jobs Back and Backpay**

https://advocatz.com/2023/02/17/update-educators-accused-of-submitting-fake-vaccination-cards-win-jobs-back-and-backpay/

**NYC is Forcing Unionized Public Employees Into At-Will Terms of Employment**
https://advocatz.com/2024/09/23/nyc-is-forcing-unionized-public-employees-into-at-will-terms-of-employment/

17. Suddenly, in October 2021, all employees of the DOE in all titles, tenured or untenured, who could not, did not, or would not - for religious or medical reasons - get vaccinated by the COVID vaccine were permanently coded and subsequently labelled as guilty of misconduct and blocked from getting unemployment or any employment as a teacher for the DOE or any vendor without any due process hearing of any kind. The DOE refused to hold any grievance or Education Law §3020-a arbitrations, so the UFT paused any and all filings of grievances in October and November 2021.

18. All this must be seen as a conspiracy of harm, as the COVID vaccine did not protect anyone from getting the COVID virus or transmitting it to someone else, and both the UFT and the DOE were aware of this information. Both chose to ignore the science, some say to get kickbacks from the drug companies for every vaccine given.

**Former NY Governor Andrew Cuomo And Dr. Jay Varma Admit That No Authority Existed For The COVID Mandate Terminations**
https://advocatz.com/2024/09/20/former-ny-governor-andrew-cuomo-admits-that-no-authority-existed-for-covid-mandate-terminations/

19. Additionally, the City of New York marketed the COVID Vaccine Mandate ("CVM") as a new term of employment for the municipal workers in New York City, but this was always false for non-healthcare employees. No union changed the terms in their contract to make the vaccine mandatory.

20. In June 2022 while I was representing a teacher in a PERB Case (Public Employment Relations Board), Administrative Law Judge (ALJ) Mary Thomas Scott informed me that the 10-year litigation on the Problem Code had reached an end, and did I want the final decision? Bless her. I said yes. The PERB Problem Code case was filed by the UFT against the DOE to force the DOE to make a Problem Code on a member's file more transparent by answering such questions as: when was this Code placed on the member's file? Why? The ALJ found that the "flagging" impacted terms and conditions of employment, and that the District had violated the Act by instituting the flagging system. Thus the DOE lost the case, but has never complied with the Judgment.

21. The person who has been avoiding scrutiny yet has permanently scarred DOE employees without due process is the DOE Executive Director of Employee Relations, Ms. Katherine Rodi. She has been in that position since 2012. (Testimony. Nov. 5, 2015, PERB). Rodi also has the responsibility of overseeing the NYCDOE's Office of Safety and Health, and the Office of Personnel Investigation ("OPI") where she decides who among the NYCDOE's employees are placed on a "Problem Code". She monitors the disciplinary information in the personnel file that is highlighted by the Problem Code for principals who may want to hire a former or current employee.

22. In her testimony given under oath at PERB in November 2015 Ms. Rodi testified that "no Respondent ever sees their flag/problem code", and if a principal or some other potential employer wanted to hire someone who was coded, they could hire the person. None of these statements are true.

23. While working at the UFT, when I received a call from a DOE employee/UFT member

asking if he/she was on the Problem Code, I told them "one minute, I will let you know". I walked quickly the 5 steps into the office next door, and would ask Amy Arundell, another Special Representative, whether or not the caller was coded by file number. Ms. Arundell looked at her computer and told me yes or no. I gave this information to the person on the phone. This was 2008-2009. So, when Amy Arundell testified in November 2015 at PERB that she had never heard of the Problem Code until 2012, in order to get the UFT's PERB Improper Practice Charge case heard under the statute of limitations of 4 months, she was not telling the truth either, just like Ms. Rodi.

24. The DOE has continuously tried to keep the Problem Code hidden because there is no law, rule or regulation that can legally support the manner in which the Code serves to directly harm an employee by getting the employee terminated and unable to work ever again as an educator in New York City.

25. It is a well-known fact that Ms. Rodi has been sued many times in this Court, and service was and is accepted at 100 Church Street, New York City: Plaintiff Jadenae Trabacchi served Katherine Rodi on 9/24/24 at 100 Church Street (Docket #7); EDNY Pro se Plaintiff Mushtaq Ahmad (18-CV-3494(WFK)(LB) used the United States Marshals Service to serve Ms. Rodi. The Marshal was turned away from 65 Court Street, and told to serve Ms. Rodi at 100 Church Street, NY NY 10007, where Betty Mazyck accepted service.(Docket # 22 Filed 09/24/18); Petitioner Miles Grossman (NYS Supreme Court No. 155034/2023) served Katherine Rodi at 100 Church Street, accepted by Ariton Marke, Deputy Unit Chief; Parrino v NYC DOE (24-CV-08892 served Rodi 2/25/25); Rothschild v NYCDOE et al., (25-CV-01684), served Rodi October 7, 2025; Trudo v

NYC DOE et al.,(25-CV-01345) served Rodi 5/6/2025; Matyas v NYC DOE et al., (25-CV-01861) served Rodi on 5/6/2025. None of these cases had a problem with service at 100 Church Street, Manhattan.

26. The reason why the lie of Attorneys Linnane and Lynn that Ms. Rodi was never served (but Docket #7 says that she was served on 9/24/24) in this case was so absurd comes from the failure of another lie made by the NYC Law Department in 2024. Around the same time that this case was filed, another pro se case with Katherine Rodi as a Defendant was also served on the City Law Department at 100 Church Street. When the professional process server presented the Complaints at the service window, he was told that Ms. Rodi could not be served because she "*no longer worked at the Department of Education*". The Plaintiff called me and told me that the process server was turned away, what could she do? I immediately contacted "my old friend" from 2004, Dr. Peter Ianniello, who is Executive Director of Human Resources for the DOE. He replied in 5 minutes that this information was false, and that Kathy Rodi continues to work for the DOE. I then called the Unit Chief in charge of Operations at the City Law Department, and I told him what happened. He told me, "Well, we do not accept service for every employee at the DOE…." I told him that Ms. Rodi was a VIP, in charge of Employee Relations and OPI. The Unit Director said, "Oh, Betsy, I get it! I will immediately write a Notice to all who work at the service window that any and all lawsuits filed with Katherine Rodi in the caption must be accepted by us. Please tell the service provider who was turned away to come back!" I did just that, and on Dec.19, 2024 Rodi was successfully served in that case. I thought this was the end to the lies of the Corporation

Counsel. I was wrong. On November 15, 2024, the New York City Law Department Attorneys in the matter cited in the caption above, Ms. Kathleen M. Linnane and Brigid Lynn, wrote into their Motion To Dismiss that Katherine Rodi was never served, and thus the Court had no jurisdiction over her and she must be dismissed from the case. In my opinion, lying in a federal court motion is extremely serious business.

27. Plaintiff and I had a great solution. When Ms. Lynn sent Plaintiff a request for an extension of time to oppose the Amended Complaint, Plaintiff wrote back that she would grant any amount of time, as long as Ms. Lynn withdrew her claim that Rodi was never served, and that this was a mistake. Lynn refused, saying "I am not in a position to agree that service on Katherine Rodi at 100 Church Street was proper service" (Oct. 28, 2025).

28. That same day, Attorney Lynn wrote to the Magistrate Judge Merkl:

> "I write to respectfully request an extension of time to December 4, 2025, for the DOE to respond to the amended complaint. This is the DOE's first request for an extension of time to respond to the amended complaint and the requested extension does not affect any scheduled dates. Although not entirely clear, it appears that pro se Plaintiff is only willing to consent to an extension if Defendant agrees that individual defendant Katherine Rodi was properly served at 100 Church Street and informs the Court that it was mistaken in claiming otherwise in its Motion to Dismiss the Complaint. Defendant, however, does not agree that service on Rodi was proper. Thus, it appears that Plaintiff opposes the requested extension.
> ….. Plaintiff is required to file proof of service on individual defendants Rodi and Melissa Aviles-Ramos…."

29. In sum, Plaintiff has plausibly pleaded that she was potentially subjected to an unconstitutional government action resulting in an injury for which she has yet to receive recompense. Due to the inability to defend the actions of DOE Defendant Katherine Rodi in placing Plaintiff Trabacchi on the stigmatizing Problem Code on or about October 4, 2021, Corporation Counsel Attorneys Linnane and Lynn deliberately filed false

information about an alleged "lack of/improper service" on Katherine Rodi while a filed and notarized Summons served on Ms. Rodi at 100 Church Street on 9/24/24 is clearly seen on the Docket at #7.

I swear on this 18th day of_November, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Elizabeth L. Combier

Elizabeth Combier ("Betsy")

Notary Public

State of New York County of New York
Subscribed and sworn to (or affirmed) before me
on this 18 day of Nov ,20 25
by Elizabeth Irene Combier,
proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Notary Public Signature

Nicholas Cruz
Notary Public, State of New York
Reg. No. 01CR0031988
Qualified in Bronx County
Commission Expires December 16, 2028

Exhibit
17

Jadenae Trabacchi
8420 20th Avenue, Apt. C 1
Brooklyn, NY 11214
Email: JadenaeTrabacchi@gmail.com
PRO SE

**VIA ECF**
Honorable Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

November 19, 2025

**Re: Trabacchi v. Department of Education of the City of New York, et al.**
**24-cv-06123 (TAM)**

Dear Magistrate Judge Merkl:

I, Jadenae Trabacchi, am the Pro Se Plaintiff in the above cited case. In compliance with your Order to give you proof of proper service on the Chancellor of the New York City Department of Education and Katherine Rodi, Director of Employee Relations, I uploaded the Affidavit of Betsy Combier, Summons of Defendant Rodi in my case, and service of Defendant Rodi in the case of Corrine Lynch, on November 19, 2025. In her Affidavit, Ms. Combier mentions many recent cases filed in this Court wherein Katherine Rodi is a Defendant and was served at 100 Church Street in Manhattan. The Corporation Counsel in all of these other cases never mention any problems with service on the Chancellor or Katherine Rodi.

I want to supplement the information that Ms. Katherine Rodi and the Chancellor were served properly and that Attorneys Linnane and Lynn fabricated a "problem" in my case , by informing you that Attorneys Linnane, Lynn and Reynolds made no argument whatsoever as to the alleged "improper service" of the Chancellor and Katherine Rodi in the case they are working on:

Baker-Pacius, et al. v. The Dep't of Education of the City of New York, et al., 25-cv-00743 (AMD)(JAM)

In that case, the Chancellor, Department of Education, and Katherine Rodi were all served at 100 Church Street, N.Y., N.Y. 10007 on 4/29/25. The Summonses for each were filed on 5/2/25 (Docket #11).

I thank this Court for requesting a reason for their claim of improper service, and I look forward to obtaining a valid answer to the question I have asked, namely why the Defendants say there a "problem with improper service" in my case, and none other?

Respectfully,

/s/Jadenae Trabacchi

CC: Attorney Brigid Lynn

Exhibit
18

DIRECT/RODI

Your next witness, please.

MS. BILLER: I would like to call Ms. Rodi, please.

JUDGE BLASSMAN: Please approach and I will swear you in.

Do you swear or affirm to tell the truth and nothing but the truth in this proceeding?

THE WITNESS: I do.

JUDGE BLASSMAN: Thank you.

Can you please state your full name for the record.

THE WITNESS: My full name is Katherine Rodi, R-O-D-I.

DIRECT EXAMINATION

BY MS. BILLER:

Q. By whom are you employed by?

A. I'm employed by the New York City Department of Education.

Q. What capacity?

A. I'm the director of the office of Employee Relations.

Q. How long have you held that position?

DIRECT/RODI

A. I held that position for two and a half years.

Q. And prior to being the director of Employee Relations, what other job titles have you held within the Department of Education?

A. I was an agency attorney, I was a senior counsel and I was the director of the Disciplinary Support Unit.

Q. As director of Employee Relations, what are some of your job duties and responsibilities?

A. I oversee several units. I oversee the Office of Personnel Investigation, I oversee the Office of Employee Relations, I oversee the Office of Safety and Health, I oversee it, it is not really an office, but the Disciplinary Support Unit work.

Q. Can you explain to us what the Disciplinary Support Unit is?

A. It is a unit within my office that manages the on-line system that is the Disciplinary Support System.

DIRECT/RODI

And what we do, we check and track and eventually flag folks. We check older discipline, older substantiated reports, we review them, we track them and then if all the qualifications that we build together are met, then we may flag a person.

Q. Can you give us the years that you were responsible for overseeing the disciplinary support unit?

A. I was hired in June of 2012. I started in July, early July of 2012. Then I was promoted to the director of Employee Relations in January of 2013 and then I subsumed DSU into my current work.

JUDGE BLASSMAN: DSU?

THE WITNESS: The disciplinary support unit.

JUDGE BLASSMAN: So, since when have you been overseeing disciplinary support.

A. It has basically been under my portfolio since July of 2012.

Q. Are you aware when the flagging was implemented, began to be implemented?

DIRECT/RODI

A. I was invited to a meeting about disciplinary support projects, I want to say it was like April of 2012 at that meeting there were all the senior counsel, I was in the role of senior counsel at the time. So, all the senior counsel, there where I think there were superintendents, other random DOE staff and we got a presentation about the DSU.

By the time I started in July at least a couple of hundred people had been flagged. So, I think it started in May or June of 2012.

Q. Are you familiar with the Galaxy system?

A. Yes.

Q. What is the Galaxy system?

A. The Galaxy system is actually a budgetary system that provides table of organization for all DOE offices and schools.

So, it is a budget driven system that basically tracks all current employees by the order by where they work.

DIRECT/RODI

Q. What, if any, involvement do you have with the Galaxy system?

A. As being part of Human Resources, I use the Galaxy system a lot. To check people's status and then the DSU, the Disciplinary Support project, it linked to Galaxy, but it is not like a part of Galaxy.

JUDGE BLASSMAN: It is linked to Galaxy?

THE WITNESS: It is linked to Galaxy.

Q. Are you familiar with the Disciplinary Support Unit flag?

A. Yes, I am.

Q. I know we heard much talk about it.

Can you briefly define for us what the disciplinary support unit flag is?

A. Sure. The flag is a reflection of what we pulled into the DSU system. The system is a web based system.

It is set up so that no one can be accidentally or easily flagged. It is set up so that if I want to kind of open a folder

DIRECT/RODI

for a person, I have to put in their name or an identifier such as a Social Security number, an employee I.D. and then that person's name would be automatically populated from the Galaxy data.

Once I have the person's information up I can then attach documents to the person's name.

Just attaching a document to a person's name doesn't flag them. What it has to do it has to meet two qualifications.

Number one, there has to be a substantiated report of discipline issued from an investigatory body.

Then second there has to be a letter of discipline that has been -- that has evidenced that the person received the discipline.

Once both those two factors are met a person is then manually flagged.

So, even if the two documents were both there, unless someone went in there and looked at it, a person couldn't be flagged. It is not, the system doesn't read