No. 25-CV-01345 (HG)(LKE)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WENDY TRUDO,

Plaintiff,

- against -

THE DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK, MELISSA AVILES-RAMOS,
Chancellor; and Katherine Rodi, Director of Employee
Relations,

Defendants.

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

### *STEVEN BANKS*

*Corporation Counsel of the City of New York*

*Attorney for Defendants*
*100 Church Street, 2nd Floor*
*New York, New York  10007*

*Of Counsel:  Craig A. Mungavin*
*Tel: (212) 356-2420*
*Matter No. 2025-033228*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................... iii

PRELIMINARY STATEMENT ................................................................................... 1

ARGUMENT ................................................................................................................ 1

    POINT I ................................................................................................................. 2
        PLAINTIFF HAS ABANDONED CLAIMS AND ARGUMENTS ................... 2

    POINT II ................................................................................................................ 4
        PLAINTIFF DID NOT PROPERLY SERVE DEFENDANTS AVILES-RAMOS
        AND RODI ........................................................................................................ 4

    POINT III ............................................................................................................... 5
        PLAINTIFFS SHRL AND CHRL CLAIMS SHOULD BE DISMISSED AS
        TIME-BARRED AND FOR FAILURE TO EXHAUST ..................................... 5

    POINT IV ............................................................................................................... 7
        PLAINTIFF FAILS TO STATE AS APPLIED FREE EXERCISE CLAIM ........ 7

    POINT V ................................................................................................................ 9
        PLAINTIFF FAILS TO STATE A FAILURE TO ENGAGE IN A
        COOPERATIVE DIALOGUE CLAIM UNDER THE CHRL ............................ 9

    POINT VI ............................................................................................................... 9
        PLAINTIFF FAILS TO STATE A PROCEDURAL DUE PROCESS CLAIM
        AND IS NOT ENTITLED TO A HEARING UNDER ANY STANDARD ......... 9

CONCLUSION ............................................................................................................ 10

CERTIFICATE OF COMPLIANCE ............................................................................ 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Black Lives Matter v. Town of Clarkstown,
    354 F. Supp. 3d 313 (S.D.N.Y. Nov. 14, 2018)..................................................................2

Brandon v. City of New York,
    705 F. Supp. 2d 261 (S.D.N.Y. 2010).................................................................................2

Carbone v. City of New York,
    No. 25-CV-2368 (JGK), 2025 U.S. Dist. LEXIS 226110 (S.D.N.Y. Nov. 17,
    2025) ..................................................................................................................................9

Cuthbert v. Town of E. Hampton N.Y.,
    No. 18-CV-4796 (JS)(AYS), 2021 U.S. Dist. LEXIS 2792 (E.D.N.Y. Jan. 6,
    2021) ..................................................................................................................................2

Gurrieri v. Cty. of Nassau,
    No. 16-CV-6983 (ADS)(SIL), 2017 U.S. Dist. LEXIS 126293 (E.D.N.Y.Aug.
    9, 2017) ..............................................................................................................................7

Hu v. City of New York,
    927 F.3d 81 (2d Cir. 2019)..................................................................................................3

Hurley v. Dep't of Educ. of City of N.Y.,
    No. 24-CV-1664 (NRM) (LKE), 2025 U.S. Dist. LEXIS 188282 (E.D.N.Y.
    Sep. 23, 2025) ............................................................................................................4, 8, 10

Louis v. N.Y.C. Hous. Auth.,
    152 F. Supp. 3d 143 (S.D.N.Y. 2016)................................................................................7

LPD N.Y., LLC v. Adidas Am., Inc.,
    No. 15-CV-6360 (MKB)(RLM), 2021 U.S. Dist. LEXIS 214051 (E.D.N.Y.
    Nov. 4, 2021) .....................................................................................................................5

Lynch v. Dep't of Educ.,
    No. 24-CV-7795, 2025 U.S. Dist. LEXIS 266029 (E.D.N.Y. Dec. 26, 2025) .............3, 6, 8, 9

Maher v. Town of Stony Point,
    No. 16-CV-607 (KMK) 2018 U.S. Dist. LEXIS 169722 (S.D.N.Y. Sep. 18,
    2018) ................................................................................................................................10

McNair v. Ponte,
    No. 16-CV-1722 (LAP), 2019 U.S. Dist. LEXIS 54287 (S.D.N.Y. Mar. 29,
    2019) ..................................................................................................................2

Mumin v. City of New York,
    No. 23-CV-3932 (JLR), 2025 U.S. Dist. LEXIS 189235 (S.D.N.Y. Sep. 25,
    2025) ..................................................................................................................9

Torres v. Midland Credit Mgmt.,
    No. 17-CV-2794 (SJF)(ARL), 2018 U.S. Dist. LEXIS 84969 (E.D.N.Y. May
    21, 2018) ...........................................................................................................6

Trabacchi v. Dep't of Educ. of City of New York,
    No. 24-CV-6123 (RPK) (TAM), 2025 U.S. Dist. LEXIS 14852 (E.D.N.Y. Jul.
    31, 2025) ........................................................................................................5, 7

Vega v. Hempstead Union Free Sch. Dist.,
    801 F.3d 72 (2d Cir. 2015)................................................................................3

Vesterman v. Dep't of Educ.,
    No. 24-CV-02755 (LDH) (VMS), 2025 U.S. Dist. LEXIS 193617 (E.D.N.Y.
    Sep. 30, 2025) ...............................................................................................8, 10

**Statutes**

42 U.S.C. § 1983..............................................................................................................2, 8

Civil Service Law § 75-b ...............................................................................................9, 10

N.Y. Educ. L. § 3813 ......................................................................................................5, 7

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)......................................................................................................1

**PRELIMINARY STATEMENT**

Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Opposition ("Opposition"), ECF Dkt. No 25, does not raise any colorable arguments to avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff fails to correct the deficiencies in the Amended Complaint raised by Defendants' Memorandum of Law in support of their Motion to Dismiss the Amended Complaint ("Def. Mem."), ECF Dkt. No 22.

Plaintiff's Opposition rehashes meritless arguments, asserts that the Vaccine Mandate ("VM") was a "scam" based on her beliefs about COVID-19 and vaccines, and ignores the clear intention of the VM to uphold public health and maintain the safety of DOE workplaces, DOE employees, and the students they oversee. See Pl. Opp. at 4, 7, 10, 24, 30. Plaintiff claims that "the NYC DOE's 'police power' was nothing more than a big hoax, a public relations scam paid for by Big Pharma and it's [sic] investors, who got kickbacks to assist the City in cleaning house of City Payrolls." Id. at 30. Plaintiff fails to address many of Defendants' arguments raised in their motion to dismiss, thereby abandoning many of Plaintiff's claims. Plaintiff fails to address the well-established case law holding that the VM was constitutionally permissible, neutral, generally applicable, and has been repeatedly upheld as lawful by every Court that has considered it.[1]

For the reasons set forth herein, as well as in Defendants' initial motion papers, the Amended Complaint should be dismissed in its entirety and with prejudice.

**ARGUMENT**

---

[1] The Opposition highlights a single typo in Defendants' initial brief, where Defendants mistakenly stated, "every court that has considered the VM has held it to be **unlawful**." See Def. Mem. at 2 (emphasis added). Defendants clearly intended to use the word "lawful," as Defendants repeatedly cite cases in which courts have upheld the VM as neutral and generally applicable, and as creating a lawful condition of employment. Id. at 4-5, 14, 18.

1

**POINT I**

### PLAINTIFF HAS ABANDONED CLAIMS AND ARGUMENTS

Plaintiff's Opposition failed to address or meaningfully respond to a number of Defendants' challenges to her claims. Specifically, Plaintiff does not address Defendant's arguments for dismissal on alleged claims for: retaliation; fraud in the inducement; selective enforcement Fourteenth Amendment Equal protection; substantive due process under the Fifth or Fourteenth Amendment, First Amendment Establish Clause; any facial First Amendment Free Exercise Claim, and a Stigma Plus claim.

By failing to respond to these arguments, Plaintiff has abandoned these claims and they should be dismissed. See Brandon v. City of New York, 705 F. Supp. 2d 261, 268 (S.D.N.Y. 2010) (claims not addressed in response to defendant's motion to dismiss are deemed abandoned); see also Cuthbert v. Town of E. Hampton N.Y., No. 18-CV-4796 (JS)(AYS), 2021 U.S. Dist. LEXIS 2792, at *12 (E.D.N.Y. Jan. 6, 2021) (dismissing claims as abandoned where plaintiff *pro se* failed to oppose dismissal of those claims); McNair v. Ponte, No. 16-CV-1722 (LAP), 2019 U.S. Dist. LEXIS 54287 (S.D.N.Y. Mar. 29, 2019) (same). Plaintiff's mere recitation of the words "retaliation" or "substantive due process" without meaningful response to Defendants' arguments for dismissal do not save these claims from abandonment. See Black Lives Matter v. Town of Clarkstown, 354 F. Supp. 3d 313, 328 (S.D.N.Y. Nov. 14, 2018) (claims are deemed abandoned for failure to address defendant's specific arguments for dismissal).

Plaintiff's religious discrimination claims under § 1983, the SHRL, and the CHRL should be deemed abandoned for failure to meaningfully address Defendant's argument that she fails to allege disparate treatment. Plaintiff argues she "does not have to present evidence of disparate treatment given to her rather than others at the pleading stage to dismiss the Motion." Pl. Opp at

2

4. Plaintiff argues "such additional detail is not required at the pleading stage; discovery exists precisely to supply comparator information and procedural evidence not accessible to a pro se litigant." Id. at 29.

Plaintiff is incorrect. At the pleadings stage, she must plausibly allege disparate treatment either by direct evidence of discrimination or comparison to similarly situated individuals outside her protected class(es). Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87 (2d Cir. 2015). Plaintiff does not address Defendants' argument that the Amended Complaint fails to allege direct evidence of discrimination. Plaintiff merely states that she has pled a discrimination claim. See Def. Mem. at 13-16; Pl. Opp. at 4. Thus, Plaintiff is required to plausibly allege indirect evidence of discrimination, such as more favorable treatment of comparators. Vega, 801 F.3d at 87.

Plaintiff misstates the legal standard in Hu v. City of New York, which held that a plaintiff can raise an inference of discrimination by identifying comparators that are not "identical" in circumstances to plaintiff, but "bear a reasonably close resemblance." Hu v. City of New York, 927 F.3d 81, 96, (2d Cir. 2019). Hu does not hold that a plaintiff need not raise an inference of discrimination or relieve a plaintiff's allegations of comparators from being similarly situated in all material respects, as the Opposition suggests. Id., Pl. Opp. at 29; see also Lynch v. Dep't of Educ., No. 24-CV-7795, 2025 U.S. Dist. LEXIS 266029, *34-35 (E.D.N.Y. Dec. 26, 2025) (in a religious discrimination claim, allegations of similarly situated comparators must include comparators religious beliefs).

Plaintiff abandons her failure to accommodate claim because Plaintiff's opposition does not meaningfully address Defendant's argument that granting her requested accommodation would have posed an undue hardship on Defendants. See Def. Mem. at 16-20. Plaintiff does not address Defendant's arguments regarding their obligation to avoid "creating [] health and safety risks

3

[preventing] the DOE from fostering a safe educational and work environment when COVID-19 vaccines had become available and warrants dismissal of Plaintiff's claim." See Def. Mem at 18-19. The Opposition merely states that Defendants "never explained" the undue hardship, that Defendants' denial of her accommodation request was "computer generated," and that Defendants "never proved their allegation of 'undue burden.'" Pl. Opp at 2, 8, 17. The Opposition fails to meaningfully address why Plaintiff's accommodation request would not have posed an undue hardship. See Def. Mem at 18; see also Hurley v. Dep't of Educ. of City of N.Y., No. 24-CV-1664 (NRM) (LKE), 2025 U.S. Dist. LEXIS 188282, *19 (E.D.N.Y. Sep. 23, 2025) (collecting cases). The Opposition also fails to address Defendants' arguments that Plaintiff never requested an alternative accommodation to vaccination, nor how even allowing Plaintiff an accommodation of masking and testing would not still be an undue hardship to Defendants given the nature and circumstances of Plaintiff's job responsibilities, which Plaintiff also continues to fail to address. See Def. Mem. at 19, 20.

Finally, to the extent any claims are not deemed abandoned, Plaintiff's claims should be dismissed for failure to state a claim, as discussed *infra* and in Defendants' opening brief.

## POINT II

### PLAINTIFF DID NOT PROPERLY SERVE DEFENDANTS AVILES-RAMOS AND RODI

Plaintiff's opposition fails to establish that she properly served Defendants Aviles-Ramos and Rodi when Plaintiff attempted service on these Defendants at 100 Church Street, New York, NY, 10007 on May 6, 2025. See ECF Dkt. No.6; Def. Mem. at 8-9; Pl. Opp. at 26-27. As argued in Defendants' initial brief, Plaintiff's attempted service of these Defendants at 100 Church Street was not proper. Defendants having seasonably raised this defense, "the plaintiff bears the burden

4

of proving adequate service." <u>LPD N.Y., LLC v. Adidas Am., Inc.</u>, No. 15-CV-6360 (MKB)(RLM), 2021 U.S. Dist. LEXIS 214051, *5 (E.D.N.Y. Nov. 4, 2021).

Plaintiff does not dispute that she attempted to serve Aviles-Ramos and Rodi via a process server at 100 Church Street. Pl. Opp at 26-27; Pl. Ex. 16-17. Plaintiff argues that this service was proper and Defendant's raising of this defense "is a lie" made in "bad faith". Pl. Opp at 26-27. Plaintiff attaches an Affidavit of Betsy Combier, originally submitted in <u>Trabacchi v. Dep't of Educ. of City of New York</u>, No. 24-CV-6123 (RPK) (TAM), 2025 U.S. Dist. LEXIS 14852, *61 (E.D.N.Y. Jul. 31, 2025); Pl. Ex. 16. Plaintiff relies on Ms. Combier's Affidavit to seemingly allege that because Defendants Aviles-Ramos and Rodi have been named as defendants in other similar cases, service was accepted at 100 Church Street in those cases and the instant action, and Defendants allegedly did not raise the defense of improper service in other cases, that amounts to Defendant's waiver of service of process defenses here. Pl. Opp at 26-27. Plaintiff's argument is wrong on the law. The defense of insufficient service of process can be waived "by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct.'" <u>LPD N.Y., LLC</u>, 2021 U.S. Dist. LEXIS 214051 at *6. Plaintiff cites to no legal authority in support of her argument that service of process defenses not raised by Corporation Counsel in other cases now waives the defense of insufficient of service of process here. <u>See</u> Def. Mem. at 9.

**POINT III**

**PLAINTIFF'S SHRL AND CHRL CLAIMS
SHOULD BE DISMISSED AS TIME-BARRED
AND FOR FAILURE TO EXHAUST**

Plaintiff's SHRL and CHRL claims against all Defendants are time-barred pursuant to the one-year statute of limitations under N.Y. Educ. Law § 3813(2-b). Plaintiff unavailingly argues that these claims should be subject to a three-year statute of limitations by virtue of the Supremacy Clause. <u>See</u> Pl. Opp. at 20-21. "[T]he Supremacy Clause . . . invalidates state laws that interfere

5

with, or are contrary to, federal law." Torres v. Midland Credit Mgmt., No. 17-CV-2794 (SJF)(ARL), 2018 U.S. Dist. LEXIS 84969, *8 (E.D.N.Y. May 21, 2018) (internal citations omitted). Here, there is no conflict invoking the supremacy clause where Plaintiff's separate claims under federal, state, and city law are governed by their own statutes of limitations.

Plaintiff argues that her SHRL and CHRL claims are not time-barred because her "requests for accommodation to remain working remotely were denied outright or never responded to," a "Problem Code" was "secretly" placed on her personnel file, and, as a result, the "violation," including her damages, are "continuous and never ending." Pl. Opp. at 17-18. The Amended Complaint never alleges that Plaintiff requested an accommodation to remain working remotely.

Plaintiff's SHRL and CHRL claims are, without question, time-barred. Those claims accrued on March 20, 2022, when she received a termination notice from Defendants. Am. Compl. ¶ 37. Under the one-year statute of limitations, she was required to commence this action by March 30, 2023. However, Plaintiff did not file this action until March 13, 2025, nearly 2 years after the SOL for her SHRL and CHRL claims expired. See ECF Dkt. No 1.

Plaintiff apparently alleges that her claims accrued on April 28, 2022, when she was notified that "any person, [though not specifically Plaintiff], who applied for a religious exemption from the COVID-19 vaccine will be placed on a 'problem code.'" Am. Compl. ¶ 39; Pl. Opp. at 9. However, even assuming *arguendo* that her claims accrued on that date, her SHRL and CHRL claims are still time-barred by almost 2 years. Moreover, Plaintiff's allegations of damages flowing from any alleged problem code do not make these claims timely because "an employment discrimination claim accrues on the date that an adverse employment determination is made and communicated to plaintiff." See Lynch, 2025 U.S. Dist. LEXIS 266029 at *56. Further, Plaintiff

6

has failed to sufficiently allege that such a "problem code" was ever applied to her. See Def. Mem. at 28-30.

Plaintiff's arguments regarding a notice of claim are misplaced or inaccurate. First, Defendants argued that a notice of claim is required *only* for Plaintiff's SHRL and CHRL claims, and that Plaintiff's failure to plead notice of claim compliance in the Amended Complaint is fatal to those claims. See Def. Mem at 10-11. Plaintiff's attempt to invoke a "public interest" exception to avoid compliance with Education Law § 3813 fails as a matter of law. Courts have recognized a limited exception to § 3813's notice of claim requirement for actions "brought to protect an important right [] seek[ing] relief for a similarly situated class *of the public*, and whose resolution would directly affect the rights of that class or group." Gurrieri v. Cty. of Nassau, No. 16-CV-6983 (ADS)(SIL), 2017 U.S. Dist. LEXIS 126293, *19 (E.D.N.Y. Aug. 9, 2017) (citing Mills v. Monroe Cty., 59 N.Y.2d 307, 308 (N.Y. 1983)). Plaintiff's action clearly does not fit within the definition of this "public interest" exception. She brings this action solely on her own behalf to vindicate a her own interests. Trabacchi, 2025 U.S. Dist. LEXIS 148512 at *27. Moreover, Plaintiff raises her public interest claim for the first time in opposition. See Louis v. N.Y.C. Hous. Auth., 152 F. Supp. 3d 143, 158 (S.D.N.Y. 2016) ("plaintiffs cannot use their opposition to the motion to dismiss to raise new claims or arguments").

## POINT IV

### PLAINTIFF FAILS TO STATE AS APPLIED FREE EXERCISE CLAIM

The Opposition passingly argues that Plaintiff "has successfully pled her claim to as-applied Free Exercise Clause and Establishment Clause claims under the First Amendment." Pl. Opp. at 3. As noted above, Plaintiff provides no argument in opposition to Defendant's argument to any facial violations of the First Amendment or Establishment Clause claims, and these claims

7

should be deemed abandoned. Nonetheless, Plaintiff fails to state a § 1983 claim under the First Amendment.

"A plaintiff can establish that a law or rule is violative of the Free Exercise Clause as applied to the plaintiff if she can show that the law was enacted with the purpose of curbing religious conduct or that the enactment of the law stemmed from religious intolerance." Vesterman v. Dep't of Educ., No. 24-CV-02755 (LDH) (VMS), 2025 U.S. Dist. LEXIS 193617, *9 (E.D.N.Y. Sep. 30, 2025). The Opposition alleges that "Plaintiff included in her AC the argument that the COVID vaccine mandate as applied to her unquestionably burdened her religious exercise" but does not elaborate. Id. Plaintiff alleges multiple times that the VM "as applied to her was not neutral and not generally applicable." Id. at 3-4.

Courts have held "there can be little question that NYC DOE's Vaccine Mandate was a neutral law of general applicability." Vesterman, 2025 U.S. Dist. LEXIS 193617 at *8. Here, "Plaintiff neither pleaded nor argued any facts suggesting that the purpose of the Vaccine Mandate was to suppress or discriminate against religion, as opposed to its purpose being to protect the workers of Defendant NYC DOE and those interacting with them from a highly contagious and potentially fatal virus." Id. at *9-10 (citations and quotations omitted). Further, courts have dismissed as-applied Free Exercise claims when as here, a plaintiff's religious accommodation request was denied for undue hardship before the Citywide Panel and, as here, the plaintiff "failed to present a more-than-conclusory allegation that the finding of undue hardship was erroneous or pretextual." Hurley v. Dep't of Educ. of the City of N.Y., 2025 U.S. Dist. LEXIS 188282 at *33; cf. Lynch, 2025 U.S. Dist. LEXIS 266029 at *24-27, (denying dismissal of as-applied challenge when plaintiff's accommodation request had not been heard by the Citywide Panel).

8

**POINT V**

**PLAINTIFF FAILS TO STATE A FAILURE TO ENGAGE IN A COOPERATIVE DIALOGUE CLAIM UNDER THE CHRL**

The Opposition argues that "Defendants never entered into a cooperative dialogue, never offered to, and never suggested any accommodation whatsoever." Pl. Opp. at 17. Plaintiff does not respond to Defendants' argument that DOE satisfied its obligation under the CHRL to engage in an cooperative dialogue through the application and appeals process, a position which is well-supported by caselaw. See Carbone v. City of New York, No. 25-CV-2368 (JGK), 2025 U.S. Dist. LEXIS 226110, *23-24 (S.D.N.Y. Nov. 17, 2025) (citing Marsteller v. City of New York, 217 A.D.3d 543, 545 (1st Dept. 2023)); Mumin v. City of New York, No. 23-CV-3932 (JLR), 2025 U.S. Dist. LEXIS 189235, *23, n.4, (S.D.N.Y. Sep. 25, 2025).

**POINT VI**

**PLAINTIFF FAILS TO STATE A PROCEDURAL DUE PROCESS CLAIM AND IS NOT ENTITLED TO A HEARING UNDER ANY STANDARD**

Plaintiff alleges Defendants "trample[d on her] Constitutional rights to her pre-deprivation due process hearing pursuant to the 14th Amendment" based the denial of her religious accommodation and was entitled to a hearing under Civil Service Law § 75-b. Pl. Opp. at 11, 30. Plaintiff alleges Defendants "weaponized the accommodation procedure by attaching a disciplinary [problem] code … to her personnel file and deprived her of her constitutional fundamental right to a due process hearing before she was deprived of her salary and employment." Id. at 31.

Courts have repeatedly held that the VM and the procedures set forth in the Arbitration Award are sufficient to satisfy the dictates of procedural due process. Lynch, 2025 U.S. Dist.

9

LEXIS 266029 at *38 (citing Broecker v. N.Y. Dep't of Educ., No. 23-655, 2023 U.S. App. LEXIS 30076, *5-6, (2d Cir. Dec. 26, 2023)); see also Vesterman 2025 U.S. Dist. LEXIS 193617 at *15-19, Hurley 2025 U.S. Dist. LEXIS 188282 at *25-29. The same holds true for Plaintiff, who received more than adequate due process to satisfy constitutional mandates. Def. Mem at 27-28.

Plaintiff's claim of entitlement to a hearing under Civil Service Law § 75-b is legally incorrect. Pl. Opp. at 11-12. Section 75-b is a whistleblower statute that applies only when a public employee is retaliated against for disclosing improper governmental action to a governmental body. See Maher v. Town of Stony Point, No. 16-CV-607 (KMK) 2018 U.S. Dist. LEXIS 169722, *35-36 (S.D.N.Y. Sep. 18, 2018). Plaintiff does not allege that she made a protected disclosure to a governmental body within the meaning of the statute. See Pl. Opp. at 11.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss in its entirety, with prejudice, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
      February 13, 2026

**STEVEN BANKS**
Corporation Counsel of the
  City of New York
*Attorney for Defendants*
100 Church Street, Second Floor
New York, New York 10007
(212) 356-2420

By: _____
     Craig A. Mungavin
    Assistant Corporation Counsel

10

**CERTIFICATE OF COMPLIANCE**

Craig A. Mungavin, an attorney duly admitted to practice before the United States District Court for the Eastern District of New York, certifies that the total number of pages in this Reply Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Complaint, exclusive of the cover page, captions, table of authorities, table of contents, and signature block, is 10 pages. Thus, the document complies with pursuant to Section IV(B)(2) of District Judge Hector Gonzalez's Individual Rules.

Dated:  New York, New York
       February 13, 2026

By: _____
          Craig A. Mungavin
          Assistant Corporation Counsel